In re CROWLEY et al.

(Circuit Court of Appeals, Second Circuit. April 18, 1892.)

1. CUSTOMS DUTIES—EFFECT OF PROTEST.
   When an importer protests that his invoices are dutiable under a certain paragraph of the tariff act, he is not thereby concluded, so as to prevent the board of appraisers from adjudging that a part of the invoices is dutiable under that paragraph, and a part under the classification adopted by the collector. Davies v. Arthur, 96 U. S. 148, distinguished.

2. SAME—ARTICLES IN SEPARATE PARTS—INVOICE.
   The fact that articles in separate parts are invoiced as entireties is not controlling, and will not prevent a separate classification, when such classification is otherwise proper. 50 Fed. Rep. 465, affirmed.

3. SAME—CLASSIFICATION—EMBROIDERED DRESS PATTERNS.
   Woolen dress patterns, embroidered with silk, or silk and metal, are not dutiable as woolen "embroideries," under paragraph 398 of the tariff act of 1890, but at 44 cents per pound and 50 per cent. ad valorem, under paragraph 395, as woolen dress goods. In re Schefer, 53 Fed. Rep. 1011, followed. 50 Fed. Rep. 465, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a proceeding by H. C. Crowley & Co. for a review of the decision of the board of general appraisers in relation to the classification of certain imported dress goods. The circuit court affirmed the action of the board, and the United States appeal. Affirmed.

James T. Van Rensselaer, Asst. U. S. Dist. Atty.
W. Wickham Smith, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In May, 1891, H. C. Crowley & Co. imported into the port of New York four invoices of woolen dress patterns, each pattern consisting of two pieces of woolen goods; one being plain, and the other embroidered with silk, or silk and metal. The whole pattern consisted of ten meters, the embroidered part not exceeding two meters. The patterns were invoiced as entireties, and the pieces were not intended to be sold separately. The collector assessed duties on the importations at the rate

of 60 cents per pound, and 60 per cent. ad valorem, as woolen embroideries, under the provisions of paragraph 398 of Schedule K of the tariff act of October 1, 1890. The importers protested that they were dutiable under paragraph 395 of the same schedule, as woolen dress goods, at 44 cents per pound and 50 per cent. ad valorem. The board of appraisers sustained the decision of the collector, under paragraph 398, and the proviso in paragraph 373 of the same act, so far as the embroidered part of the patterns was concerned, and sustained the protest of the importers upon the plain parts. The importers thus succeeded before the general appraisers as to four fifths of the imported articles, and took no appeal. The collector appealed to the circuit court for the southern district of New York, and alleged that the general appraisers erred in three particulars: (1) In "going outside the protest of the importers," who protested that all the importations should be assessed under paragraph 395; (2) in segregating the value of the plain and embroidered parts, because the patterns were invoiced as entireties, and were valued for duty accordingly; (3) in holding that the embroidered parts are dutiable at 60 per cent. ad valorem and 60 cents per pound, under paragraph 398 of said act, and the plain parts at 44 cents per pound and 50 per cent. ad valorem, as manufactures of wool, under paragraph 392 of the same, instead of applying the rates imposed by said paragraph 398 to the entire article, as embroidery made of wool, or as embroidered robes of wool. The circuit court affirmed the decision of the board of appraisers, and declined to go into the question whether they correctly determined that the silk embroidery made the article upon which it was placed dutiable as if it had been embroidered in wool, because there had been no appeal, and no application for review, in that particular. The United States have appealed to this court from said judgment.

This court has already decided (In re Schefer, 53 Fed. Rep. 1011) that the ground of objection stated by the importers in their protest was well founded, and consequently that the entire importations should have been assessed for duty under the provisions of paragraph 395; but this appeal relates simply to the correctness of the decision of the circuit court upon the points which were specified in the collector's appeal from the decision of the board of general appraisers.

The collector's first point was that, inasmuch as the importer protested that all the articles contained in the invoices were dutiable under paragraph 395, it was not competent for the board of general appraisers to adjudge that a part of the articles was dutiable under that paragraph, and that the residue had been assessed for duty at the proper rate. This contention carries the principle that the importer is concluded by his protest to an unjust extreme. The importer claimed that all his articles should have been assessed under a certain paragraph, and the board find that his protest was well founded, as to a part of his articles. This has been the invariable practice when, in the opinion of the triors, the facts warranted such a finding. The case is not that

of Davies v. Arthur, 96 U. S. 148, in which it is held that the importer, having in his protest placed his objections to the payment of duties at the required rate upon one ground, cannot recover the amount upon another ground than the one so stated.

The second point is that because the articles were invoiced as entireties, and valued for duty accordingly, the board had no power to assess duty upon separate parts of the articles, although in their opinion separate rates were properly assessable. Each article was an entirety, and constituted one dress pattern, and should have been assessed for duty accordingly, by the board of general appraisers, at the rate named in the protest; but the alleged error which the circuit court was called to consider was not that the article was in fact an entirety; the assignment of error was confined to the impropriety of imposing separate rates upon separate parts of an article, if it was invoiced as an entirety, and was valued as such. The mere fact that it is called an entirety in the invoice is not controlling. The article may nevertheless not be an entirety, and may have been improperly, though honestly, invoiced. The theory of the collector makes the assessment of duties upon a certain class of articles to depend entirely upon the manner in which they are entered and valued in the invoice,—a theory which might result in placing the rate of duties at the will of the importer.

The third point was that the dress patterns should have been assessed at the rates imposed by paragraph 398 as embroideries. This position was declared unsound in Re Schefer, supra,—a decision which we have no occasion to alter.

The judgment of the circuit court is affirmed.