UNITED STATES v. HENSEL, BRUCKMANN & LORBACHER.

(Circuit Court, S. D. New York. February 11, 1896.)

No. 1,800.

1. CUSTOMS DUTIES—GOODS IN EXCESS.
Section 2901, Rev. St. [U. S. Comp. St. 1901, p. 1921], provides that, if appraisers find in an imported package "any article not specified in the invoice," its value shall be added to the entry. *Held*, that this did not apply to an importation of framed paintings invoiced as "paintings," where it appeared that the invoice value was sufficient to include the frames, and that it was customary so to describe paintings with frames.

2. SAME—INVOICE VALUE.
Customs Administrative Act June 10, 1890, c. 407, § 7, 26 Stat. 134 [U. S. Comp. St. 1901, p. 1892], forbids the assessment of duty "on less than the invoice * * * value." *Held*, as to an importation of framed paintings which were invoiced as "paintings," that it would not be in violation of this law to treat the invoice value for this item as including the frames, where it appeared that such value was sufficient, and that it was customary so to describe paintings with frames.

On Application for Review of a Decision of the Board of United States General Appraisers.

The case involves consideration of the following provisions of law:

"If any package be found by the appraisers to contain any article not specified in the invoice, and they * * * shall be of opinion that no * * * fraudulent intent existed, then the value of such article shall be added to the entry, and the duties thereon paid accordingly." Extract from section 2901, Rev. St. (U. S. Comp. St. 1901, p. 1921).

"The duty shall not, however, be assessed in any case upon an amount less than the invoice or entered value." Extract from Customs Administrative Act June 10, 1890, c. 407, § 7, 26 Stat. 134 (U. S. Comp. St. 1901, p. 1892).

The opinion of the Board of General Appraisers reads as follows:

SHARRETTS, General Appraiser. We find as facts in this case:
1. That the appellants imported into the port of New York certain oil paintings in frames, contained in 12 cases covered by three invoices and one entry.

2. That the frames were not separately specified in the invoices, but were included in the term "paintings;" and the invoice value of the paintings included the value of the frames.

3. That the local appraiser valued the oil paintings at the invoice value of the oil paintings and frames, and returned the frames as articles in excess of the invoice quantity, and placed a value thereon.

4. That the appellants made application for reappraisement of the merchandise, in accordance with the provisions of section 13, Act of June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932], which application was granted as to the merchandise covered by two of the invoices but denied as to that covered by the third invoice.

5. That the General Appraiser holding the reappraisement (except as to some few articles of little value in excess of invoice quantity and not covered by protest) found the invoice value of the merchandise correct, and segregated the value of the paintings and frames for purposes of classification and assessment of duty.

6. That the collector declined to accept the decision of the General Appraiser on reappraisement as conclusive, for the reason, as stated by him, that the value specified in the invoices was for the oil paintings alone, and that in accordance with the provisions of section 7, act of June 10, 1890, c. 407, 26 Stat. 134 [U. S. Comp. St. 1901, p. 1892], duty could not be assessed on less than the invoice value thereof.

7. That, although oil paintings and frames are separate articles of merchandise in trade, it has long been the practice, both in this country and abroad, to include both paintings and frames in the term paintings, and also to include the value of the frames in the selling price of oil paintings framed.

8. The packages in question contained no articles subject of protest not specified in the invoices.

On these findings we think that the importers are entitled to the relief asked for. If the local appraiser intended to advance the value of the merchandise and added a sum equal to the estimated value of the frames to make market value, then the importers properly asked for reappraisement of the merchandise, in accordance with the provisions of section 13, and the decision of the General Appraiser (no appeal having been taken therefrom) was final and conclusive against all parties.

Regarding the merchandise covered by the third invoice, reappraisement of which was not allowed by the collector, we find that the local appraiser did not add to it an amount to make correct market value thereof, but he added to the invoice value the value of goods alleged by him to be in excess of the invoice quantity. Inasmuch as the packages contained no articles not specified in the invoices, duty was, in our opinion, improperly exacted on the alleged excess.

The principle upon which we base our conclusions herein would seem to be approved by the United States Circuit Court of Appeals for the Second Circuit in Re Crowley (55 Fed. 283, 5 C. C. A. 109), wherein the court decided that the value of certain merchandise invoiced as an entirety, but found to consist of two distinct articles separately provided for in the tariff, should have been segregated by the appraiser and duty assessed on the value of the several kinds of goods by the collector at the respective rates applicable thereto.

Following the ruling of the court in that case, we hold the claim of the appellants in this case to be well founded. The protest is sustained, and the collector's decision is reversed.

James T. Van Rensselaer, Asst. U. S. Atty.
Curie, Smith & Mackie (W. Wickam Smith, of counsel), for importers.

COXE, District Judge. In this cause, which was argued on the first day of the term, I have examined the record with care and have reached the conclusion that the decision of the Board of General Appraisers

is correct. I do not think it necessary to add anything to their decision. It seems to me that it covers fully all the issues in controversy and in principle is in entire accord with the decision in the Crowley Case (55 Fed. 283, 5 C. C. A. 109). The decision of the Board is affirmed.