LAI MING *et al. v.* UNITED STATES (No. 40).[1]

CHINESE SHOES OR SLIPPERS, EMBROIDERED.

Chinese shoes or slippers, embroidered either by hand or machinery, are dutiable under paragraph 390, tariff act 1897, and not under paragraph 438 of said act.

United States Court of Customs Appeals, June 22, 1910.

TRANSFERRED from United States Circuit Court for Southern District of New York (T. D. 29610).

[Affirmed.]

*McLaughlin, Russell, Coe & Sprague* (*Edward P. Sharretts* of counsel) for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

HUNT, Judge, delivered the opinion of the court:

This case presents the question whether or not the duties assessed upon certain Chinese shoes or slippers imported by appel-

---

[1] Reported in T. D. 30770 (19 Treas. Dec., 769).

lants at the port of New York were proper.   The collector imposed duty at the rate of 60 per cent ad valorem under paragraph 390 of the tariff act of 1897; but the importers contended that the shoes were only liable at the rate of 25 per cent ad valorem as prescribed by paragraph 438 of the aforementioned tariff act.   The Board of Appraisers sustained the collector, and it is the determination of the board that is under review.

The shoes involved are such as Chinese people often wear.  They are made of leather as the component of chief value and are embroidered with silk.

So far as material, the paragraphs of the tariff act of 1897 bearing upon the case are as follows:

339. Laces, lace window curtains, tidies, pillow shams, bed sets, insertings, flouncings, and other lace articles; handkerchiefs, napkins, wearing apparel, and other articles, made wholly or in part of lace, or in imitation of lace; nets or nettings, veils and veilings, etamines, vitrages, neck rufflings, ruchings, tuckings, flutings, and quillings; embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings, and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; tamboured or appliquéed articles, fabrics or wearing apparel; hemstitched or tucked flouncings or skirtings, and articles made wholly or in part of rufflings, tuckings, or ruchings; all of the foregoing, composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act, whether composed in part of india rubber or otherwise, sixty per centum ad valorem: *Provided*, That no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed.

390. Laces, and articles made wholly or in part of lace, edgings, insertings, galloons, chiffon or other flouncings, nets or nettings and veilings, neck rufflings, ruchings, braids, fringes, trimmings, embroideries and articles embroidered by hand or machinery, or tamboured or appliqued, clothing ready made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the above-named articles made of silk, or of which silk is the component material of chief value, not specially provided for in this act, and silk goods ornamented with beads or spangles, of whatever material composed, sixty per centum ad valorem: *Provided*, That any wearing apparel or other articles provided for in this paragraph (except gloves) when composed in part of india-rubber, shall be subject to a duty of sixty per centum ad valorem.

438. * * * Boots and shoes made of leather, twenty-five per centum ad valorem. * * *

Looking at these several statutes, it is our opinion that the words "wearing apparel" as used in the proviso of paragraph 339 include shoes, and that if such shoes are embroidered by hand or machinery, as are the exhibits submitted with this record, they must be held to be dutiable as prescribed by the terms of the proviso.

The proviso under consideration is not repugnant to the purview of the section; its general purpose is to declare that the articles described within it shall be dutiable as fixed by its terms, and the effect is to extend its operation to cases not intended by Congress to be brought within the more general enactments preceding it.

Justice Field, for the Supreme Court, in Georgia Banking Co. *v.* Smith (128 U. S., 174), commenting upon the difficulties of construing the word "provided" used in a statute, said:

* * * The general purpose of a proviso, as is well known, is to except the clause covered by it from the general provisions of a statute, or from some provisions of it, or to qualify the operation of the statute in some particular. But it is often used in other senses. It is a common practice in legislative proceedings, on the consideration of bills, for parties desirous of securing amendments to them, to precede their proposed amendments with the term "provided," so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater signification than would be attached to the conjunction "but" or "and" in the same place, and simply serving to separate or distinguish the different paragraphs or sentences. Several illustrations are given by counsel of the use of the term in this sense, showing, in such cases, where an amendment has been made, though the provision following often has no relation to what precedes it.

In Carter, Webster & Co. *v.* United States (143 Fed. Rep., 256) the Circuit Court of Appeals for the Fourth Circuit held that the enactment of the proviso extended far beyond the body of the paragraph and became applicable to textile fabrics of whatever material composed when embroidered; and in Jaeckel & Sons *v.* United States (172 Fed. Rep., 292) the Circuit Court of Appeals for the Second Circuit declined to hold that the wearing apparel covered by the proviso must be confined to such articles of wearing apparel only as are textiles or made of textiles. The court well reasoned that if the second "or" of the proviso were "of," the most restricted application would obtain; but as the enumeration was "wearing apparel," "other article," and "textile fabric," it was evident that a broader construction is the proper one.

The scope of the provision of the section was also considered in Lichtenstein *v.* United States (154 Fed. Rep., 736), where the court held that the doctrine of *noscitur a sociis* was not correctly invoked under a contention that paragraph 390 refers only to such articles as are embraced *ejusdem generis* with laces, lace edgings, insertings, galloons, chiffons, or other flouncings and trimmings, and that a wooden folding screen carved and gilded with embroidered silk panels was properly dutiable under the terms of the proviso; and in Kauffman *v.* United States (128 Fed. Rep., 468) the court sustained a ruling that perforated pasteboard cards upon the surfaces of which are sewn mottoes in fancy letters with woolen and metal threads, and upon the face of which within the mottoes were affixed by paste or other adhesive material pictures surrounded by wreaths, were within the provisions of paragraph 339, relating to embroideries and appliquéed articles.

We cite these opinions to illustrate the views of the several courts, though we do not mean to go any further than the particular case before us warrants. As to it we hold the proviso applies.

Judgment *affirmed*.

Judge DE VRIES did not participate in the hearing or decision of this case.