## UNITED STATES v. HARPER (No. 482).[1]

FANS COMPOSED OF WOOD AND SILK.

The principle is recognized that, when it clearly appears from the language and context of a proviso it is intended to apply to other subjects than those stated in the paragraph of which it is a part or that it is intended to apply generally to other parts of an act, the proviso must, so far as possible, be given full effect; but this principle will not be applied *ex industria* to bring an article within the operation of the proviso. Each case must be determined on the facts of that case; and though the question here is not entirely free from doubt, resolving this doubt, as is proper, in the importer's favor, fans composed of silk and wood and embroidered with silk were dutiable under paragraph 427, tariff act of 1897, which specifically names for duty "fans of all kinds, except common palm leaf fans."—Lai Ming *v.* United States (T. D. 30770) distinguished.

United States Court of Customs Appeals, May 29, 1911.

APPEAL from United States Circuit Court, Northern District of California, G. A. 5235
(T. D. 24073).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

*Stanley Jackson* for the appellee.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The issue here is whether fans composed of wood and silk, and embroidered with silk, are dutiable at the rate of 50 per cent ad valorem under paragraph 427 of the tariff act of July 24, 1897, which reads as follows:

427. Fans of all kinds, except common palm leaf fans, fifty per centum ad valorem.

or at the rate of 60 per cent ad valorem under the provisions of paragraphs 390 and 339 of the same act, the pertinent parts of which are as follows:

390. Laces, * * * embroideries and articles embroidered by hand or machinery, * * * all of the above-named articles made of silk, or of which silk is the component material of chief value, not specially provided for in this Act, * * * sixty per centum ad valorem: * * *

---

339. Laces, lace window curtains, tidies, pillow shams, bed sets, insertings, flouncings, and other lace articles; handkerchiefs, napkins, wearing apparel, and other articles, made wholly or in part of lace, or in imitation of lace; nets or nettings, veils and veilings, etamines, vitrages, neck rufflings, ruchings, tuckings, flutings, and quillings; embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings, and bands; wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; tamboured or appliquéed articles, fabrics or wearing apparel; hemstitched or tucked flouncings or skirtings, and articles made wholly or in part of rufflings, tuckings, or ruchings; all the foregoing, composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this Act, whether composed in part of india rubber or otherwise, sixty per centum ad valorem: *Provided*, That no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this Act upon any embroideries of the materials of which such embroidery is composed.

The collector assessed the fans as embroideries of silk at 60 per cent ad valorem. The Board of General Appraisers, upon hearing the importers' protest, and the Circuit Court for the Northern District of California, upon hearing the appeal by the United States, both sustained the importers' claim that duty should have been taken at the lower rate, under the provisions of the paragraph first above quoted.

No sample of the importation is before us and no issue of fact is raised.

In substance, the main contention of the United States is that these embroidered fans are *articles*, and that the embroidery thereon being of silk, they are clearly subject to the rate of duty specified in the silk paragraph by virtue of the proviso in paragraph 339, unless the meaning of the word "article" in said proviso can be restricted by some principle of law so as to exclude it therefrom. It is said that the rule of *ejusdem generis* can not accomplish this result, and various decided cases are cited tending to support that claim. It is also further urged that the question of whether or not paragraph 427 is more specific than paragraph 339 does not enter into this case; that the blanket proviso of "wearing apparel or other article or textile fabric" found in the said proviso was expressly designed to apply to every embroidered article which might anywhere be mentioned in the statute; that therefore the ordinary rule as to the superiority of "specific" provisions over "general" provisions can have no application; that if otherwise, although it may be conceded that the words "fans of all kinds" in paragraph 427 are specific, yet they lack such a degree of specificness as to prevail over the all-comprehending terms of the proviso in that regard; and that to give them such an effect will nullify the plain purpose of Congress as expressed in the proviso.

On the other hand, it is contended by the appellees that the language of paragraph 427 indicates that all fans except palm-leaf fans

shall be assessed at 50 per cent ad valorem; that the words "of all kinds," which follow the word "fans," and which in turn are followed by the exception relating to common palm-leaf fans, are such a clear expression of the legislative intent that, although it may have been held in other cases that the blanket provisions of the proviso should prevail over certain more or less specific terms in other paragraphs there under consideration, nevertheless, in this case, as applied to this merchandise, the question of whether the proviso or paragraph 427 is the more specific does arise, and that giving legitimate force to the recognized doctrine that the more specific of two paragraphs shall prevail, duty must be taken at the lower rate. In this connection the appellees further urge that Congress having specially exempted common palm-leaf fans from the operation of the paragraph, the familiar principle of *expressio unius est exclusio alterius* clearly indicates a Congressional intent that no fans except common palm-leaf fans should be exempted from the provisions of paragraph 427.

The United States argues that the decision of this court in the case of Lai Ming *v.* United States (1 Ct. Cust. Appls., 5; T. D. 30770) is decisive of the issue here, and we consider first this claim. It appears from the opinion of the court, by Hunt, judge, that the question presented was whether certain Chinese shoes or slippers composed of leather in chief value and embroidered with silk should be dutiable at the rate of 60 per cent ad valorem under the same paragraphs as are here invoked to support the Government's claim, or at 25 per cent ad valorem under paragraph 438 of the same act, the material part of which was "* * * boots and shoes made of leather twenty-five per centum ad valorem." In that case we said:

It is our opinion that the words "wearing apparel," as used in the proviso of paragraph 339, include shoes, and that if such shoes are embroidered by hand or machinery, as are the exhibits submitted with this record, they must be held to be dutiable as provided by the terms of the proviso.

It will be observed that this language implies that it was considered of importance that the shoes or slippers involved in that case were wearing apparel, thus clearly bringing them within the proviso, and that although the learned judge writing the opinion referred to other decisions wherein the effect of this proviso had been construed, occasion was taken to say that:

We cite these opinions to illustrate the views of the several courts, though we do not mean to go any further than the particular case before us warrants. As to it we hold the proviso applies.

It is obvious that our decision in that case was designed to be expressly limited to the facts there appearing, and we think that the facts here and the different phraseology of paragraph 427, as compared with that of paragraph 438, which we then contrasted with the proviso of paragraph 339, clearly distinguishes that case from the one at bar.

In this case, as in the Lai Ming case, we expressly decline to go outside the precise issue involved. We neither assent to nor dissent from the reasoning of the circuit courts or the circuit courts of appeals, upon whose decisions the Government relies in this case, preferring to take such a position only when the issues raised necessarily involve that step.

We recognize the principle that when it clearly appears from the context and language of a proviso that it is manifestly intended to apply to other subjects than those stated in the paragraph of which it is a part, or that it is intended to apply generally to other parts of an act, it must, so far as possible, be given full effect, and we proceed to inquire whether the proviso in question applies to these fans.

The specific articles referred to in paragraph 339 are numerous, and the terms of the proviso, which embrace "wearing apparel or other article or textile fabric when embroidered," are of broad scope, and undoubtedly, unless otherwise limited, apply to the fans in question. On the other hand, the words "fans of all kinds" in paragraph 427 are of specific import. The expression "fans of all kinds," which means all kinds of fans, naturally suggests every imported fan, regardless of its component material or condition. Perhaps a greater degree of specificness could have been attained by using after the word "fans" the words "of all kinds, shapes, sizes, and of whatever material," and yet that is somewhat a matter of taste rather than a question of the use of appropriate language to clearly express the specific thought.

The contention of the Government in its last analysis would seem to be that in order to exclude these fans from the effect of the proviso, fans embroidered should have been specifically excepted therefrom, or that paragraph 427 should read something like this: "Fans of all kinds, including embroidered fans of whatever material composed and excepting palm-leaf fans," etc.

While such language would probably have prevented the question arising which we are called upon to decide, we do not think, in the absence thereof or of its equivalent, it can be said that paragraph 427 does not apply to the fans in this case.

We think a most convincing reason why the contention of the importers in this case should be upheld is admirably set forth in the decision of the board in this case, and we quote it:

In our judgment the provision for fans is broad enough to and intended to include fans of every description. It would seem to be a matter of common knowledge that a very large class of fans, embracing perhaps the greater amount of merchandise of that character, is embroidered and that to hold, therefore, that this phrase did not include such would, in effect, except therefrom the greater number of imported articles of that kind. Moreover, the latter part of paragraph 427 conduces to the same conclusion, for by the paragraph itself is excepted palm-leaf fans. Upon a familiar principle of construction the enumeration of the exceptions from this paragraph includes *ex industria* all the articles which Congress intended should be excepted therefrom. Palm-leaf fans, therefore, being expressly excepted from the provisions

of the paragraph, the natural and legal inference is that palm-leaf fans alone are the only fans intended by Congress to be excepted therefrom. This exception does not carry with it embroidered fans, but, by the principle of construction suggested, leaves them included within the very broad term "fans of all kinds."

This conclusion seems to us to comply with the rule that full effect shall, when possible, be given to all parts of a statute. Under this interpretation the terms of the proviso of paragraph 339 may be applied when found to be more specific than those of a competing paragraph, the somewhat apparent inconsistency for which the Government contends of disregarding the well settled rule that the more specific designation shall control is thereby avoided, paragraph 427 is given what would seem to be its natural construction and effect, and opportunity still remains for application to be given to the terms of the proviso outside of the subjects enumerated in the paragraph of which it is a part. That it already has been given such application appears from the cases which the Government cites in support of its contention that such effect should be given it.

We recognize that the question involved in this case can not be said to be entirely free from doubt, but resolve whatever doubt exists in favor of the importers. That we should do this is settled law. American Net & Twine Co. *v.* Worthington (141 U. S., 468).

The judgment of the Circuit Court for the Northern District of California is *affirmed.*

DE VRIES, Judge, did not sit at the hearing or participate in the decision.