CLAFLIN CO. *et als. v.* UNITED STATES (No. 950). KNAUTH, NACHOD & KUHNE *v.* UNITED STATES (No. 914).[1]

PARASOLS OF COTTON, LINEN, OR SILK, EMBROIDERED OR APPLIQUÉD.

The importations were made, some under the act of 1897 and the remainder under the act of 1909. The question raised is whether the proviso to paragraph 339 of the first act and the provisos to paragraphs 349 and 402 of the last act may be construed to exclude from their operation, respectively, paragraph 462, tariff act of 1897, and paragraph 478, tariff act of 1909, and so affect the duty on the parasols of the importation. There seems to be nothing in the language of the provisos that would limit their operation, and a fair interpretation requires that they should be held to cover the goods here. They were properly applied in making the assessment.—United States *v.* Harper (2 Ct. Cust. Appls., 101; T. D. 31655) distinguished.

United States Court of Customs Appeals, November 21, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7368 (T. D. 32558). [Affirmed.]

*Comstock & Washburn (George J. Puckhafer* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel; *Charles E. McNabb,* assistant attorney, on brief in No. 914), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

Two appeals by different parties to the same record from a decision of the Board of General Appraisers. The protestants are appellants, and the appeals present the same questions of law.

---

[1] Reported in T. D. 32988 (23 Treas. Dec., 469).

The importations were of parasols composed of either cotton, linen, or silk and embroidered or appliquéd with either cotton or silk, imported in part under the tariff act of 1897 and in part under the tariff act of 1909.

Those imported under the act of 1897 were, according to materials and condition, subjected to the proviso to paragraph 339, which reads as follows:

339. * * * *Provided,* That no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed.

Those imported under the act of 1909 were subjected according to material to one or the other of the provisos to paragraphs 349 or 402 of that act, reading as follows:

349. * * * *Provided,* That no article composed wholly or in chief value of one or more of the materials or goods specified in this paragraph shall pay a less rate of duty than the highest rate imposed by this section upon any of the materials or goods of which the same is composed: *And provided further,* That no article or fabric of any description, composed of flax or other vegetable fiber, or of which these materials or any of them is the component material of chief value, when embroidered by hand or machinery, or having hand or machinery embroidery thereon, shall pay a less rate of duty than that imposed in this section upon any embroideries of the materials of which such embroidery is composed.

402. * * * *Provided,* That articles composed wholly or in chief value of any of the materials or goods dutiable under this paragraph shall pay not less than the rate o duty imposed upon such materials or goods by this section: * * *.

Parasols were and are specifically provided for in the tariff acts of 1897 (par. 462) and 1909 (par. 478) in substantially the same language, as follows:

462. Umbrellas, parasols, and sunshades covered with material other than paper, * * *.

478. Umbrellas, parasols, and sunshades covered with material other than paper or lace, * * *.

The correctness of the assessments if the goods are not dutiable under paragraphs 462 and 478 is not challenged in the briefs or at the oral argument. The sole question presented for decision is the legal one, whether or not the language of said paragraphs 462 and 478 is sufficiently exclusive as to repel the limiting influence of the provisos quoted.

Appellants, who were protestants below, in very industrious and able arguments strenuously insist that the affirmative is true. They urge that the provisos inherently indicate they are to be applied solely to the purview of the respective paragraphs of which they are a part; that the quoted provisos are in words of less specificity than paragraphs 462 and 478; and that the language of these paragraphs is, under the case of United States *v.* Harper (2 Ct. Cust. Appls., 101;

T. D. 31655), exclusive, and alone prescribes the rate of duty applicable to parasols.

That such provisions as the provisos to paragraph 339 of the act of 1897 are not limited to the purview of the paragraph of which they form a part, but are a limitation upon the rate of duty prescribed in every other *in pari materia* paragraph of the act, is so well settled by so many uniform decisions that such must be regarded as *stare decisis*. *In re* Schefer (53 Fed. Rep., 1011); Sternfeld *v.* United States (T. D. 27773); Carter *v.* United States (143 Fed. Rep., 256); Morimura *v.* United States (2 Ct. Cust. Appls., 181; T. D. 31941); Lichtenstein *v.* United States (154 Fed. Rep., 736); Jaeckel *v.* United States (178 Fed. Rep., 260); Kaufmann *v.* United States (128 Fed. Rep., 468); Lai Ming *v.* United States (1 Ct. Cust. Appls., 5; T. D. 30770).

The contention of counsel for appellants to the contrary and that the provisos to paragraphs 349 and 402, quoted *supra*, of the act of 1909 are not subject to the same construction finds refutation in their express words.

The purview of each paragraph having been concluded, specifically enumerating therein the articles and fabrics there made dutiable, the first proviso to each paragraph opens with language expressly extended to articles and fabrics not the subject matter of the purview. In each said case the proviso is predicated of articles "composed wholly or in chief value of one or more of the materials or goods specified in this paragraph." Plainly these provisos do not speak with reference to the subject matter of the purview, but expressly of articles made of the goods and materials enumerated in the purview and otherwise made dutiable in the act. And so the language of the second proviso to paragraph 349, *in haec verba*, recites that "no article or fabric *of any description*, composed of flax or other vegetable fiber," etc., thereby expressly extending its application beyond the purview of the paragraph to all articles within the express limitations of the proviso. There is no room for a presumed latitude of this proviso in the presence of its express limitations.

The conclusion follows that, unless paragraph 462 or 478 is so inclusive in terms as to repel the limiting influence of these provisos, goods falling within the latter for dutiable purposes are subject to the former.

It is contended by appellants that the case of United States *v.* Harper (2 Ct. Cust. Appls., 101; T. D. 31655) rules these cases in their favor. That case construed paragraph 427 of the tariff act of 1897, as affected by the proviso to paragraph 339, *supra*. The former paragraph was for "fans of all kinds, except common palm-leaf fans." The court held that paragraph 427 was exclusive and not subject to the proviso in paragraph 339. The decision was rested upon, first, the

import of the words "of all kinds," and, secondly, of the words "except common palm-leaf fans." The court deemed the expression "fans of all kinds" indicative of a congressional purpose to reach out into "all kinds," classes, and conditions of such merchandise and include them within the paragraph. Certainly a more apt or comprehensive term for that purpose could not be employed. The court further gave weight to the added exception, "except common palm-leaf fans," applying the maxim *expressio unius est exclusio alterius*—the excepting of the one includes all others, which, reenforcing the broad scope of the words "fans of all kinds," left no escape in the opinion of the court from the conclusion that the provision was intended to be exclusive in its application.

We fail to see any comparable language in said paragraphs 462 or 478. They are alike save the words "or lace" were added in 1909, constituting paragraph 478. The reading is "* * *, parasols, * * * covered with material other than paper or lace."

The word parasols is not accompanied by any phrase of extension such as "of all kinds." On the contrary, it is accompanied by words of contraction within its natural scope, "covered with material other than paper or lace," limiting the kinds of parasols here expressed by use of the word "parasols," and showing the congressional intent to confine this rate to these few enumerated classes only of parasols. Nor is this paragraph aided by the rule of *expressio unius*, etc. No words of exception occur here. No class or classes of parasols are expressly excepted from this paragraph, so that the inclusion of all others may be presumed. On the contrary, we have the very opposite. Language of inclusion within the term less than its natural signification embraces and not of exception from it is employed, thereby indicating the antecedent regarded by Congress in a narrow and not a broad and comprehensive sense. The term here used, "parasols," contracted by the following words "covered with material other than paper or lace," differs not from numerous similar enumerations throughout the act, subject and yielding alike to more specific enumerations and all general qualifying provisions. So far at least as one of the provisos is concerned it, rather than this paragraph, contains in effect the broad enumerative language of said paragraph 427. The second proviso to paragraph 349 is predicated of "no article or fabric of any description," not unlike in scope "fans of all kinds."

Counsel for appellants urge further the rule of relative specificity, comparing said paragraphs 462 and 478 with said provisos. These provisos are not in the nature of specifying or competing paragraphs. They do not fix any rate of duty. They fix a minimum above which by virtue of such provisions the merchandise is rated under another

paragraph prescribing the rate for dutiable purposes. This argument and the cases cited in its support were considered and answered by the Board of General Appraisers in reference to the proviso to said paragraph 339 in G. A. 5565 (T. D. 24968), stating:

> In our view of the case, it becomes unimportant whether the provisions of paragraph 339 or those of either paragraph 346 or 347 are the more specific in terms. We think counsel have overlooked the full force and effect of the proviso quoted to paragraph 339, which, in our opinion, controls in these cases. That proviso is not a proviso of classification, but one of limitation, and in its application extends to all of the paragraphs in question, 339, 346, and 347—that is to say, whether the board should conclude that the articles are properly dutiable under the provisions of paragraph 346, or 347, or 339; in any event, after this is determined the proviso to paragraph 339 is still applicable to the merchandise in question. There is nothing in the cases of *In re* Schefer (49 Fed. Rep., 826), or *In re* Schefer (53 *ibid*, 1011; 4 C. C. A., 153), or *In re* Crowley (55 Fed. Rep., 283; 5 C. C. A., 109), contrary to this conclusion. On the contrary, those cases support this conclusion. It was held by the courts therein that the proviso to paragraph 373 of the tariff act of October 1, 1890, was one of limitation, and not of classification. And, while the court in the Schefer case found that the articles in question, which were woolen shawls, were properly dutiable as such *eo nomine* under the provisions of paragraph 392 of that act and not as embroideries made of worsted under the provisions of paragraph 398 of said act, it did not hold that the proviso to paragraph 373, which is substantially the same in terms as the proviso to paragraph 339 of the present act, was inapplicable to worsted shawls, or paragraph 392 of the act of 1890, but, on the contrary, assumed that it was applicable in terms but ineffective. The courts held in all of these cases that, being a paragraph of limitation, it would be effected only where a less rate of duty was levied by the specific paragraph under which the goods were found classible than was provided for embroideries of the class found upon the particular article, and inasmuch as a higher rate of duty was levied upon worsted shawls than was upon the embroideries upon the worsted shawls, the court held that the former prevailed.

We have not overlooked the fact that many of the protests covered by these appeals, enumerated but not printed in the record, cover goods returned as "parasols covered with lace," assessed for duty under paragraph 402, and parasols covered with lace made on Lever or Gothrough machines and assessed for duty under paragraph 350 and the proviso thereto. Both classes of cases arose under the act of 1909, are excluded expressly from paragraph 478, and are determined by the considerations herein had.

We have likewise given consideration to the contention of appellants that the combined values of the embroidery upon the cover of a parasol are each a different single component material of a parasol and should not therefore be added in determining chief value. There was, however, no evidence introduced to controvert the return of the collector under such a method of computation. Inasmuch as embroidered and appliquéd fabrics are mentioned in the purview of the several paragraphs as the "materials" referred to in the provisos, we think the point without merit.

The decision of the Board of General Appraisers should be *affirmed.*