UNITED STATES v. FIELD & CO. (No. 1767). UNITED STATES v. ALTMAN & CO. (No. 1769).[1]

1. CONSTRUCTION, PARAGRAPH 349, TARIFF ACT OF 1913—EXPRESS EXCEPTION EXCLUDES OTHERS.

The language of paragraph 349, tariff act of 1913, "fans of all kinds, except common palm-leaf fans," means that all fans except common palm-leaf fans are dutiable under that paragraph, even though they may respond also to the description of some other.

2. RELATIVE SPECIFICITY—EMBROIDERED SILK FANS.

With respect to embroidered silk fans, paragraph 349, tariff act of 1913 ("fans of all kinds, except common palm-leaf fans"), is more specific than paragraph 358 ("articles * * * embroidered * * * by whatever name known"), and classifies them for duty.

United States Court of Customs Appeals, January 22, 1917.

APPEALS from Board of United States General Appraisers, G. A. 7956 (T. D. 36654).

[Affirmed ]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

*Churchill, Marlow & Hines* for appellees in 1769.

[Oral argument Dec. 5, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of embroidered fans composed in chief value of silk. They were assessed with duty at the rate of 60 per cent ad valorem under the provision for "articles * * * embroidered in any manner * * * by whatever name known," in paragraph 358 of the tariff act of 1913.

The importers protested, claiming assessment of the merchandise at the rate of 50 per cent ad valorem under the provision for "fans of all kinds, except common palm-leaf fans" contained in paragraph 349 of the act.

The protest was submitted to the Board of General Appraisers and was sustained. The Government appeals.

The following are the competing tariff provisions above cited:

349. Fans of all kinds, except common palm-leaf fans, 50 per centum ad valorem.

358. * * * Embroideries, wearing apparel, handkerchiefs, and all articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, or scalloped by hand or machinery, any of the foregoing by whatever name known; * * * 60 per centum ad valorem.

There is no question of fact involved in the present case. The sole issue is one of legal construction, to wit, whether under the tariff act of 1913 embroidered silk fans are dutiable under the foregoing provision for "fans of all kinds, except common palm-leaf fans," or

under the provision for "articles * * * embroidered in any
manner * * * by whatever name known." The merchandise
undoubtedly answers to either one of the two enumerations in ques-
tion; it becomes necessary therefore to determine which one of the
competing provisions shall govern in the premises.

The first provision above quoted contains the enumeration of
"fans of all kinds," and thereupon qualifies this by excepting there-
from "common palm-leaf fans." The frequent tariff phrase "not
specially provided for" is wholly omitted from the paragraph in
question. The enumeration of "fans of all kinds" is itself abso-
lutely comprehensive in terms, and, as was said by this court in the
Harper case, *infra,* it "naturally suggests every imported fan, re-
gardless of component material or condition." This comprehensive
classification is, however, expressly modified by the phrase "except
common palm-leaf fans." The exception thus incorporated within
the terms of the enumeration itself leads to the conclusion that at
the time of the enactment in question the Congress gave considera-
tion to the general subject of exceptions to the foregoing classifica-
tion and expressly prescribed but a single exception thereto. The
presence in the paragraph of an express exception to the classification
conduces to the belief that no other exception thereto was intended
by the legislature. The enumeration in question therefore is an
*eo nomine* one; it is emphatically comprehensive in its terms; it does
not contain an n. s. p. f. clause; and it contains a single express
exception which may be assumed to have exhausted the legislative
intention upon that subject. It may also be noted that the present
merchandise, to wit, silk embroidered fans, is one of the best-known
kinds or species of the class of "fans of all kinds" thus provided for.

The second enumeration above quoted provides for "embroid-
eries, wearing apparel, handkerchiefs, and all articles or fabrics em-
broidered in any manner by hand or machinery, whether with a plain
or fancy initial, monogram, or otherwise, or tamboured, appliquéd,
or scalloped by hand or machinery, any of the foregoing by whatever
name known." As already stated, the fans now in question un-
doubtedly respond to at least one of these descriptions. But in the
light of what has already been stated concerning the *eo nomine* enu-
meration of "fans of all kinds, except common palm-leaf fans," in
paragraph 349, *supra,* it seems unreasonable to believe that the Con-
gress intended to engraft another and indirect exception upon that
paragraph by means of the embroidery provisions. For if such an
exception be conceded, it would follow that every fan composed in
part of a fabric would be withdrawn from the *eo nomine* provision for
"fans of all kinds" in case the fabric were embroidered in any manner,
even if only by means of a plain initial, monogram, or otherwise, or
were tamboured or appliquéd, or were even simply scalloped either

by hand or machinery. It may be stated as a fact within common knowledge that such a construction of the several paragraphs would withdraw from the enumeration of "fans of all kinds, except common palm-leaf fans," a large if not the major part of the merchandise which otherwise would be classifiable under it. The classes of fans thus indirectly excepted from the paragraph would rival in number and importance the expressed exception of "common palm-leaf fans."

A question almost identical with the present one came before the board of appraisers in the case of Quon Mane & Co., G. A. 5235 (T. D. 24073), under the tariff act of 1897. Paragraph 427 of that act contained a provision for fans identical in language with paragraph 349, *supra*. The former act contained also a dutiable provision in paragraph 390 for silk embroideries, and a further proviso in paragraph 339 reading as follows:

*Provided*, That no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed.

Under these competing provisions the board held that certain embroidered fans composed of sandalwood and silk, embroidered with silk, were governed by the provision for fans of all kinds, rather than by the proviso as embroidered articles of silk.

The chief argument upon which the board rested its decision appears in the following extract therefrom:

The fans in question here, however, are intended for use as such, and therefore clearly come within the category of fans. The sole question for decision in the case is, Are these embraced within the term "fans of all kinds," and, as such, dutiable at the rate of 50 per cent ad valorem, as provided in paragraph 427, or are they subject to the proviso in paragraph 339? In our judgment, the provision for fans is broad enough to and intended to include fans of every description. It would seem to be a matter of common knowledge that a very large class of fans, embracing perhaps the greater amount of merchandise of that character, is embroidered, and that to hold, therefore, that this phrase did not include such would, in effect, except therefrom the greater number of imported articles of that kind. Moreover, the latter part of paragraph 427 conduces to the same conclusion, for by the paragraph itself is excepted palm-leaf fans. Upon a familiar principle of construction the enumeration of the exceptions from this paragraph includes *ex industria* all the articles which Congress intended should be excepted therefrom. Palm-leaf fans, therefore, being expressly excepted from the provisions of the paragraph, the natural and legal inference is that palm-leaf fans alone are the only fans intended by Congress to be excepted therefrom. This exception does not carry with it embroidered fans, but, by the principle of construction suggested, leaves them included within the very broad term "fans of all kinds."

The foregoing decision of the board was affirmed by the United States Circuit Court, Northern District of California, and the case thereupon was appealed to this court, and is reported as United States *v.* Harper (2 Ct. Cust. Appls., 101; T. D. 31655). This court in affirming the decision of the Circuit Court quoted with approval

the foregoing extract from the decision of the board, and commented in part as follows:

> This conclusion seems to us to comply with the rule that full effect shall, when possible, be given to all parts of a statute. Under this interpretation the terms of the proviso of paragraph 339 may be applied when found to be more specific than those of a competing paragraph, the somewhat apparent inconsistency for which the Government contends of disregarding the well-settled rule that the more specific designation shall control is thereby avoided, paragraph 427 is given what would seem to be its natural construction and effect, and opportunity still remains for application to be given to the terms of the proviso outside of the subjects enumerated in the paragraph of which it is a part. That it already has been given such application appears from the cases which the Government cites in support of its contention that such effect should be given it.
>
> We recognize that the question involved in this case can not be said to be entirely free from doubt, but resolve whatever doubt exists in favor of the importers. That we should do this is settled law. American Net & Twine Co. *v.* Worthington (141 U. S., 468.)

The issue involved in the present case is not exactly identical with that decided in the former case, since the embroidery provisions of the respective acts are not identical in terms. Nevertheless we think that the reasoning upon which the former decision was rested applies with equal force in the present case, since the *eo nomine* provisions for fans in the respective acts are identical in language, and the embroidery provisions in the several acts are substantially similar in so far as the present issue is concerned. The Government, it is true, contends that the embroidery provisions aforesaid in the act of 1913 possess greater force than did those of the act of 1897, since the later provisions contain the phrase "by whatever name known," which did not appear in those of the former act. It is true that the presence of this phrase in the embroidery provisions aforesaid of the act of 1913 would be very important in deciding whether the fans in question responded to the enumerations contained in the embroidery paragraph of that act. But on the other hand the phrase is not decisive in contrasting the two competing provisions with one another in case it be conceded that the merchandise in question responds to the enumerations of both. It is true that the presence of the phrase in the embroidery provisions tends to some extent to lessen the force of the argument based upon the *eo nomine* character of the fan enumeration, but all of the other considerations above stated remain unaffected by it.

It should also be noted that the decision of this court in the Harper case, *supra*, holding that the enumeration of "fans of all kinds, except common palm-leaf fans," in paragraph 427 of the act of 1897, governed such merchandise as that now before the court, was before the Congress at the time of the tariff revision of 1913, and that the paragraph in question was reenacted in the same language as that which was therein construed. We think that this

legislative action affords additional reason for adhering to the construction adopted in that case.

The decision of the board is therefore *affirmed*.