UNITED STATES *v.* CARL ZEISS, INC. (No. 4155)[1]

---

[1] C. A. D. 15.

United States Court of Customs and Patent Appeals, October 31, 1938

*Charles D. Lawrence,* Acting Assistant Attorney General (*Marcus Higgin-botham, Jr.,* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*James W. Bevans* for appellee.

[Oral argument October 7, 1938, by Mr. Lawrence and Mr. Bevans]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court: [2]

This appeal involves the dutiable classification of a certain article imported at the port of New York in 1936. It was described on the invoice as "1 telescope 'Starmorbi' in a leather case, 1 tripod stand." It was classified by the collector as an entirety and assessed with duty at the rate of 60 per centum ad valorem under the provisions of paragraph 228 (a) of the Tariff Act of 1930 as a prism binocular.

Appellee filed a protest against said classification and assessment with duty, claiming that the article was dutiable as a telescope under the provisions of paragraph 228 (b) of said act. Said protest included certain other merchandise which is not involved in this appeal.

The article here involved, hereinafter termed a "telescope," was introduced in evidence upon the trial before the Customs Court and marked Exhibit 1. By consent it was thereafter withdrawn, but a certain catalog describing it, and containing an illustration of the article, was introduced in evidence by appellee and marked Illustrative Exhibit A.

It is established that the telescope is a binocular instrument containing prisms, having three magnifications, 12, 24, and 42 times, is about 15 inches in length, and, exclusive of case and stand, weighs ten pounds. It is described in the catalog as a "Portable Terrestrial Telescope," designed to be used with a tripod or other form of stand.

Upon the trial two witnesses testified on behalf of appellee, and two witnesses testified on behalf of appellant.

The trial court sustained the protest, holding that the telescope was not a *prism binocular* within the meaning of the term as used in said paragraph 228. Judgment was entered accordingly; said judg-

[2] JACKSON, Judge, took no part in the consideration or decision of this case.

ment included other merchandise enumerated in the protest but, as hereinbefore noted, such other merchandise is not involved in this appeal.

From the judgment so entered, insofar as it relates to the telescope, this appeal was taken.

Said paragraphs 228 (a) and 228 (b), insofar as they are here pertinent, read as follows:

PAR. 228. (a) Spectrographs, * * * prism-binoculars, * * * optical measuring or optical testing instruments, * * * frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, 60 per centum ad valorem.

(b) Azimuth mirrors, * * * opera or field glasses (not prism binoculars), telescopes, microscopes, all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

Much of the testimony introduced related to the meaning in the trade of the term "prism binoculars," appellee's witnesses stating that this term did not include articles such as the telescope here involved, while the testimony on behalf of appellant was to the effect that such articles are included in such term.

Inasmuch as no commercial designation of the article, as distinguished from the common meaning of the term "prism binoculars," was claimed or established, said testimony as to whether or not the telescope in question is within the common meaning of that term was merely advisory to the court.

It is conceded by appellee that the article in question is a prism binocular telescope, but it contends that it is not a "prism binocular" within the common meaning of that term, and further that, under a proper construction of paragraphs 228 (a) and 228 (b), such an article as is here involved is excluded from classification as a prism binocular. The Government, on the other hand, contends that the telescope here involved does come within the term "prism binoculars."

The Government also contends that the involved article is a prism binocular field glass, and as such is expressly excluded from classification under paragraph 228 (b).

The following are some of the dictionary definitions of *telescope, binocular, field glass,* and *prism binocular:*

Funk & Wagnalls New Standard Dictionary:

*telescope, n.* 1. An optical instrument for enlarging the image of a distant object on the retina of the eye, or, if the object is a point of light, for increasing its brilliance, consisting essentially of two parts, an object-glass or mirror for forming the image of the object, and an ocular or eyepiece for viewing this image.

*binocular, n.* 1. A telescope, microscope, opera-glass, or field-glass adapted to vision with both eyes at once.

*field-glass, n.* 1. A small portable terrestrial telescope. monocular or binocular; a spy-glass.

Webster's New International Dictionary:

*telescope, n.* 1. An optical instrument used as an assistance to the eye or camera in viewing or photographing distant objects, as the heavenly bodies. * * * The essential parts of the telescope are the object glass, or the concave mirror which collects the beam of light and forms the image, and the eye-piece, by which the image is magnified. * * *

*binocular, n.* A binocular glass, whether opera glass, telescope, or microscope.

*field glass.* a. A binocular telescope of compact form and considerable magnifiying power.

Said dictionary also defines a prism binocular as follows:

*prism binocular.* A binocular in which a shortened telescopic tube is secured, and the object image is erected, by an arrangement of Porro prisms, which twice reflect totally the rays from the object viewed.

An illustration accompanies the foregoing definition, which illustration shows a small field or opera glass.

The New International Encyclopaedia defines *field glass* as follows:

*field glass.* A small binocular telescope constructed so as to have considerable magnifying power and at the same time to be extremely portable. * * *

From the foregoing it appears that field glasses are binocular or monocular telescopes of small size and extremely portable. They may or may not contain prisms.

The testimony on behalf of appellee is to the effect that prism binoculars are strictly hand instruments and are used without tripods.

There was introduced in evidence as illustrative of a prism binocular a field glass easily held in the hands while in use. Catalogs were also introduced in evidence showing field glasses containing prisms, and also articles similar to that here involved, described therein as "Portable Terrestrial Telescopes." The principal distinction between the two seems to be the weight and size of the respective articles.

The testimony on behalf of the Government was to the effect that the telescope here involved is a prism binocular. The Government concedes that the involved article is a prism binocular telescope, but only in the sense that ordinary field glasses containing prisms are also prism binocular telescopes, which latter articles are clearly classifiable as *prism binoculars.*

We agree with the statement of the trial court that the question involved is a narrow one, but we are of the opinion that Congress intended to include within the term *prism binoculars* only binocular field glasses containing prisms. We gather this intent from the phraseology of paragraph 228 (b). It will be observed that it provides for "opera or field glasses (not prism binoculars)" and then provides, without any words of limitation, for "telescopes, microscopes," etc., "not specially provided for."

Upon this point appellee's counsel in his brief states:

If the Government's contention is correct, then a microscope which is binocular and equipped with a prism erecting system would be excluded from classification

186

under subdivision (b) of Paragraph 228 and classified under subdivision (a). of that paragraph within the term "prism binoculars." In other words, to sustain the Government's contention, it would be necessary for this Court to rewrite subdivision (a) to read:

"* * * opera or field glasses (not prism binoculars), telescopes (not prism binoculars), microscopes (not prism binoculars), all optical instruments (not prism binoculars) * * *."

This would be legislation on the part of the Court.

For the sake of accuracy, it should be noted that counsel in the above quotation obviously wished to state that it would be necessary for the court to rewrite subdivision (b) in the manner indicated, rather than subdivision (a), as erroneously appears in the brief.

We are in accord with the view thus expressed by appellee's counsel. In the case of *United States* v. *Murphy & Co.*, 13 Ct. Cust. Appls. 456, T. D. 41348, there was involved the dutiable classification of certain snap fasteners and clasps. In its opinion the court stated:

Moreover, the paragraph provides for all snap fasteners and clasps regardless of the name by which they may be known, or of the material of which they may be composed, excluding only such as are plated with gold, silver, or platinum. The Congress having incorporated in the paragraph one express exception to its general application, we think, considering the context, that no other exception was intended. *United States* v. *Field & Co.*, 7 Ct. Cust. Appls. 430, T. D. 36985.

The Government further contends that the involved article is a field glass and therefore is expressly excepted from the provisions of paragraph 228 (b). While there is some testimony on behalf of the Government supporting this contention, we are not impressed with its weight. We think that the dictionary definitions are fairly harmonious that the term *field glass* embraces only an article that is small, compact, and extremely portable, and does not embrace an article like the telescope here involved. The articles known as field glasses are of such common everyday use that we think we may say that it is a matter of common knowledge that they do not include an article such as the telescope here involved.

We find no error in the decision of the trial court and the judgment appealed from is *affirmed*.