## MORRISON et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 5, 1901.)

No. 90.

CUSTOMS DUTIES—BEADED NET LACE.

Beaded net lace, made of silk, is subject to customs duty under Tariff Act 1894, par. 354, as manufactures known commercially as "bead, beaded, or jet trimmings or ornaments," at 35 per cent. ad valorem, and not under paragraph 301, at 50 per cent. ad valorem.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers which sustained the collector of the port of New York in the assessment of duty on certain merchandise. The importations represented by the exhibit comprised various pieces of beaded net lace made of silk.

Albert Comstock, for appellants.

Chas. D. Baker, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The importations were under the tariff act of 1894. The relevant paragraphs are:

"Par. 301. Laces and articles made wholly or in part of lace, and embroideries, including articles or fabrics embroidered by hand or machinery, handkerchiefs, neck rufflings, and ruchings, nettings and veilings, clothing ready made, and articles of wearing apparel of every description, including knit goods made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, composed of silk or of which silk is the component material of chief value, and beaded silk goods, not specially provided for in this act, fifty per centum ad valorem."

It was under this paragraph that the collector classified the goods.

"Par. 354. Manufactures of ivory, vegetable ivory, mother-of-pearl, gelatine and shell, or of which these substances or either of them is the component part of chief value, not specially provided for in this act, and manufactures known commercially as bead, beaded or jet trimmings or ornaments, thirty-five per centum ad valorem."

107 F.—8

. The importers contended that their goods should be classified under this section. It appears that the goods are in fact "used for making or trimming articles of women's wearing apparel." They are manifestly "beaded silk goods," and, if it appeared that there were no other goods of that description save such as are used for trimming, the last-quoted clause might be held to be the more specific, and the articles be classified under it. But it was stated on the argument that there are many other kinds of beaded silk goods never used for trimming, and the assertion was not disputed. Indeed, the court might fairly take notice of what it sees from day to day. The issue therefore lies between the "laces and articles made wholly or in part of lace" of the one paragraph and the "bead, beaded, or jet trimmings" of the other. The question is wholly one of fact,, and is this: Are the articles in question known commercially as "bead, beaded, or jet trimmings"? More than a dozen witnesses were examined. The judge who heard the cause at circuit reached the conclusion from their testimony that the "merchandise is not so universally known as 'beaded or jet trimmings' as to give to said term the force of commercial designation." Evidently he was under the impression that the witnesses were in conflict with each other; some insisting that the articles were "beaded laces," and others that they were "beaded trimmings." This appearance of conflict is induced by the form of the questions put by counsel for the government. In reality, there is no substantial conflict between the witnesses. When referred to specifically so as to differentiate them from other beaded trimmings, the articles are known as "beaded lace." That is their invoice name. But they belong to a well-known family, of which beaded gimps, beaded galloons, beaded headings, beaded passamenteries, and many others are members; and that the beaded laces, like the other members of the family, are generically known commercially as "bead, beaded, or jet trimmings," seems to be abundantly established upon the proof. In view of this, and of the circumstance that the enumerations in paragraph 301 are qualified with the phrase "not specially provided for," etc., while the generic designation "bead, beaded, or jet trimmings" is not thus qualified, we are of the opinion that the importations should be classified under paragraph 354. The decision of the circuit court is reversed.