STEINHARDT & BRO. *v.* UNITED STATES (No. 536).[1]

NEEDLE BOOKS, CONTAINING NEEDLES, AND THE LIKE.

    Needle books, containing needles, and the like articles are not dutiable as manufactures in chief value of metal. Paragraph 164, tariff act of 1909, singles them out and establishes a rule for the determination of their dutiable status, and that is according to the chief components included within and going to make up the entirety. The importations were dutiable as nonenumerated manufactured articles under the provisions of paragraph 480, tariff act of 1909.—Hartranft *v.* Sheppard (125 U. S., 337).

United States Court of Customs Appeals, December 6, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7119 (T. D. 31026).

    [Reversed.]

    *Comstock & Washburn* (*Albert H. Washburn* and *Geo. J. Puckhafer* of counsel) for appellants.

    *D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

    Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves the construction of the final clause of paragraph 164 of the tariff act of 1909, which reads:

    164. * * * Needle cases or needle books furnished with assortments of needles or combinations of needles and other articles, shall pay duty as entireties according to the component material of chief value therein.

The merchandise consisted of needle books of hand sewing and darning needles, bodkins, scissors, and buttonhooks. The books are made up of paper, designed and adapted for holding needles. The storing of the needles therein appears to be a matter of some skill, as they are arranged in a definite order according to sizes and

---

numbers. They were assessed for duty by the collector under paragraphs 199, 420, and 452 of that act, according as these paragraphs were applicable in the view taken by the collector.

The only claim asserted by the importer, appellant, necessary of consideration in our view of the case, is that the goods are included within the terms of paragraph 633 of said act, for "needles, hand sewing and darning," and therefore dutiable· as nonenumerated manufactured articles under paragraph 480 of the act.

It was admitted at the hearing that· the chief value of the merchandise resided in the needles, and the appeal was expressly limited by the appellant to the cases containing only hand-sewing needles. The subject matter of decision, therefore, is an entirety, consisting of needle cases filled with hand sewing needles, the cases being made entirely of paper and the needles of steel, and as between the two, the chief component material of value being the needles.

The Government contends, and the board held, that the merchandise is properly dutiable as manufactures in chief value of metal. The appellant contends that under the peculiar language of paragraph 164 the merchandise is not so dutiable, because the component material of chief value of the entireties is hand sewing needles, which are precisely within the provisions of paragraph 633 of the free list, and not otherwise provided for in the act.

The exact distinction contended for is that needles are a separate tariff entity from the metal of which they are made, so denominated in paragraph 633, and so expressly assigned for duty under .the proviso under consideration. Paragraph 480 in terms confines "component material of chief value" to each *single* component *material*. This *proviso* carves out an exception to that rule and provides for the ascertainment of duty according to a component material of chief value consisting of "articles" made up of several single component materials.

The dutiable· classification of needle cases filled with needles has been the subject of extended litigation and conflicting decisions. See Wanamaker v. Cooper (69 Fed. Rep., 465), United States v. Mathews (78 Fed. Rep., 345), Guthman v. United States (148 Fed. Rep., 332; T. D. 27501), Dieckerhoff v. United States (151 Fed. Rep., 957; T. D. 27949), United States v. Dieckerhoff (160 Fed. Rep., 449; T. D. 28716).

The decision in this case depends entirely upon the construction to be given the phrase "as entireties according to the component material of chief value therein." The philosophy of the board applicable to the case is expressed as follows:

That it is necessary to draw a line between component *parts* as distinguished from component *materials* appears to us to be unquestioned.

While the reasoning of the board, as applied to the general provisions of paragraph 481 of the tariff act of 1909 for the ascertainment of the component material of chief value of manufactured articles is without question, we do not consider .that it is applicable to

the case at bar. The cases cited by the learned general appraisers, and the instances, subject of comment, relating to manufactured articles in exposition of the rule of ascertainment of component material of chief value and applied by the board in this case, is expressly by statute confined to articles, and not to entireties made up of articles, and relates to the component material of chief value of such articles, the same having been manufactured. Not relying upon this provision in instances of needle cases, and obviously intending a different rule, the Congress has singled out such and laid down a special rule for the determination of dutiable value to be ascertained according to the chief component article included within and going to make up the entirety.

Under the rules of grammatical and legal reference the words "component material of chief value therein," as used in the provision of paragraph 164, are referable to the word "entireties" preceding. The statute speaks in this case of the chief component material of an *entirety*, and not the chief component material of an *article* or *manufacture*. The courts, notably in United States *v.* Dieckerhoff (160 Fed. Rep., 449), had held that needle cases filled with needles could not be spoken of as articles composed wholly or in part of metal. The court said, speaking through Judge Lacombe:

The case itself is composed of paper, and the suggestion that, when needles are stored in it, it becomes an article composed in part of metal, seems about as reasonable as would be the proposition that a square pasteboard box becomes an article composed in part of rubber when it is filled with rubber bands.

The component materials which were immediately assembled in the making up of this entirety, the merchandise in its assembled and imported condition, which the statute denominates an entirety, was made of needles and books of paper. In the specific instance the statute makes an article a component material of an entirety. The component materials, therefore, *of these entireties* are needles and books of paper. If, therefore, the needles are the component material of chief value, the entirety is dutiable. according as the needles therein are dutiable. In this instance such needles are free *eo nomine*. Were the books of paper the component material of chief value in the entirety the articles would be dutiable in the manner such books of papers are made dutiable under the tariff laws.

There is, in the opinion of the court, nothing unreasonable or impossible of administration in this conclusion, and there is nothing in the instances suggested in the opinion of the board that militates against this statement or renders administration of the customs laws hereunder either impossible or unreasonable.

Congress having specifically provided in this instance that the dutiable integers should be a component material consisting of an article of manufacture, the reasoning in and conclusion of this case does not carry it beyond the language employed by the Congress.

The chief component article, hand sewing needles, which is the chief component material of the entirety in this case, being specifically

provided for in the free list, paragraph 633, the case is controlled in principle by Hartranft v. Sheppard (125 U. S., 337). The subject of that decision was quilts composed of cotton and eider down or silk and eider down, the eider down in each case being the component material of chief value. The court said:

> Quilts are nonenumerated manufactured articles, composed of two or more materials. Eider down is on the free list.. * * * As eider down is the component material of chief value in the quilts involved in this suit and that is free, it follows that they are manufactured articles not provided for, and therefore chargeable with the duty of 20 per cent ad valorem under section 2513 rather than 35 per cent as a manufacture of cotton or 50 per cent as a manufacture of which silk is the component material of chief value.

Dieckerhoff v. United States (T. D. 27949; 151 Fed. Rep., 957).

The merchandise is properly dutiable, therefore, as a nonenumerated manufactured article under the provisions of said paragraph 480.

For the reasons herein stated we think the Board of General Appraisers erred, and the decision of the board should be *reversed*.