UNITED STATES *v.* GAVIN & Co. (No. 1689).[1]

1. CONSTRUCTION—DOUBT FAVORS IMPORTER.
    When there is a doubt as to the construction of the law the doubt should be resolved in favor of the importer.
2. CONSTRUCTION, PARAGRAPH 333, TARIFF ACT OF 1913—"BEADED OR SPANGLED."
    Context, legislative history, administrative practice, and judicial decision are in harmony with the theory that Congress intended paragraph 333, tariff act of 1913, to include articles wholly or in chief value of beads, spangles, or both. Consequently the words "composed wholly or in chief value of beads or spangles" must be construed as if written "composed wholly or in chief value of beads or spangles or beads and spangles."
3. BEADED AND SPANGLED SILK NETTING, HOW DUTIABLE.
    Silk. netting, ornamented with beads and spangles, the netting being more valuable than either and less valuable than both. is dutiable as "composed wholly or in chief value of beads or spangles" under paragraph 333, tariff act

[1] Reported in T. D. 36804 (31 Treas. Dec., 434).

of 1913, and not as "trimmings * * * of whatever yarns, threads, or filaments composed" under paragraph 358.

## United States Court of Customs Appeals, November 2, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7850 (T. D. 36141). [Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellees.

[Oral argument Oct. 25, 1916, by Mr. Hanson and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The facts are not controverted. The merchandise is trimmings composed of a foundation of silk netting, ornamented with beads and spangles. The netting is of greater value than either the beads or spangles, considered separately, but the beads and spangles, considered together, are more valuable than the netting.

Upon importation the goods were classified for dutiable purposes under that provision of paragraph 358 of the tariff act of 1913 laying duty upon "trimmings * * * of whatever yarns, threads, or filaments composed." Appellees protested, alleging the appropriate classification to be as articles in chief value of beads and spangles under paragraph 333 of that act, as follows:

333. Beads and spangles of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only, 35 per centum ad valorem; curtains and other articles not embroidered nor appliquéd, and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material, 50 per centum ad valorem.

The articles concededly not being embroidered or appliquéd that question is not in the case, and the sole issue presented for determination is, do the words "composed wholly or in chief value of beads *or* spangles" require the articles to be wholly or in chief value of one or the other—beads or spangles, singly—or is the statute applicable where the beads and spangles together are required to and do constitute the chief value of the articles?

The issue as presented is not satisfied by the determination whether the word "or" shall be read as "and," for that conclusion leaves us confronted with the result, if strictly followed, that only such articles are dutiable under the provision as are ornamented with both beads *and* spangles. No reason is apparent from the language of the paragraph why Congress should have intended either such limited application. Congress provided in the first part of the paragraph that "beads *and* spangles" should bear the same rate of duty (35 per cent ad valorem), and in the latter part that all articles in chief

value of beads should bear the same rate of duty as all articles in chief value of spangles (50 per cent ad valorem). Therein the statute conclusively evidences the purpose to treat beads and spangles, whether as such or as parts of ornaments, alike for dutiable purposes. Having thus enacted, no purpose is apparent from the act or disclosed by the record that Congress intended a different rate should be applied upon an article wherein beads and spangles together constituted the chief value of the article. On the contrary, this conceded uniformity of accorded rates upon each, beads and spangles, in whatever condition found, argues a purpose of Congress to treat them alike or as one subject for dutiable purposes. In the presence of this expressed purpose of Congress, and in the view that both conjunctions " and " and " or " read in any other sense would not only defeat the purpose of Congress manifested by the words of the paragraph but lead to an absurd result, the court is of the opinion that the phrase " beads or spangles," as used in paragraph 333, was so used as a collective subject of legislation, embracing all articles composed of either or both of its elements.

That Congress so approached the subject and legislated accordingly is clearly shown by its legislative and judicial history. The practice seems to have been founded by the adoption by Congress in the tariff act of 1894 (par. 354) of the trade understanding that trimmings ornamented with certain beads and spangles were commercially known as " bead, beaded, or jet trimmings or ornaments," and the legislation therefor under the latter designation. That paragraph of said act contained a provision for " manufactures   *   *   * known commercially as bead, beaded, or jet trimmings or ornaments." The history of the paragraph and litigation thereunder is recited in Woodbridge & Co.'s case, G. A. 4978 (T. D. 23232). Importers had long contended that various articles, including laces, nets, nettings, etc., ornamented with glass, gelatin, or metal beads and spangles were dutiable under that legislative classification.

The Board of General Appraisers in a long line of decisions, cited in the above case, had ruled against this contention. This ruling, however, was reversed by the Circuit Court of Appeals, Second Circuit, in Morrison et al. v. United States (107 Fed., 113), reversing E. A. Morrison & Son case, G. A. 3103 (T. D. 16224).

It was thus established (1) that trade and commerce had long and uniformly regarded such articles trimmed with beads and spangles as beaded articles; (2) that the words " bead, beaded, or jet trimmings or ornaments " as used in that tariff act embraced trimmings ornamented with both beads and spangles. That is to say, in trade and commerce and in tariff legislation the words beads and spangles were treated as and used interchangeably and collectively.

Then followed the act of 1897 (par. 408), providing for laces, etc., " composed wholly or in part of *beads or spangles* made of glass or paste, gelatin, metal, or other material." Clearly, under that act articles ornamented with both beads *and* spangles were made dutiable under the provision employing the words "beads *or* spangles." The congressional purpose seemed in harmony with the earlier trade understanding and the cited court rulings, which treated articles composed in part of both beads *and* spangles the same for trade and dutiable purposes as articles in part of beads or spangles singly. The same phraseology, save that "chief value" is substituted for "in part of," has been carried into the subsequent tariff acts, including the present law. When, therefore, this phrase is read in the light of its history and the other parts of the paragraph, the conclusion is unavoidable that Congress, following an established and uncontradicted usage of trade adopted in previous acts *in pari materia*, herein as heretofore, used the term "beads *or* spangles" collectively in the sense of including such articles whenever composed in chief value of either beads *or* spangles or both.

This conclusion is in harmony with the views of the court previously expressed. In Loewenthal & Co. *v.* United States (6 Ct. Cust. Appls., 209; T. D. 35464) this court, after reviewing all the paragraphs of the present tariff act *in pari materia* with an apposite paragraph, 333, reached the conclusion that it was the purpose to make that paragraph exclusive, in so far as the express limitations therein permitted for beaded articles. The same considerations appertain to spangled articles. It is the beaded *and* spangled article paragraph of the act. The construction urged by the Government is not within that holding, but contrary thereto, in that it would remove therefrom a class of articles composed in chief value of precisely the same materials made into both beads and spangles.

Unquestionably there is much force in the argument of Government counsel which serves to establish a serious doubt as to which of the two constructions should obtain. The court is satisfied, however, that the framework of the paragraph read in connection with the history of the legislative subject tends most strongly to confirm the correctness of the board's decision. In any event the presence of that doubt entitles importers, appellees, to its benefit. The rule controlling that status of consideration, as expressed by this court in Goat and Sheepskin Import Co. *et al. v.* United States (5 Ct. Cust. Appls., 178–183; T. D. 34254), may well conclude this opinion.

With all applicable canons of construction conducing to the conclusion stated, in the presence of an obviously doubtful question of law, this court is bound to construe the statute that the importers * * * shall be accorded the benefit of the doubt. Woolworth *v.* United States (1 Ct. Cust. Appls., 120–122; T. D. 31119), United States *v.* Hatters' Fur Exchange (1 Ct. Cust. Appls., 198–202; T. D. 31237), United States *v.* Matagrin (1 Ct. Cust Appls.,

309–312; T. D. 31406), United States v. Harper (2 Ct. Cust. Appls., 101–105; T. D. 31655), American Express Co. v. United States (3 Ct. Cust. Appls., 475–479; T. D. 33121), United States v. American Bead Co. (3 Ct. Cust. Appls., 509–515; T. D. 33166), Newhall et al. v. United States (4 Ct. Cust. Appls., 134; T. D. 33410).

   *Affirmed.*