## STEINHARDT & BRO. *v.* UNITED STATES (No. 1891).[1]

1. CONSTRUCTION, PARAGRAPHS 319 AND 262, TARIFF ACT OF 191 —"ARTIFICIAL * * * SILK"—"VEGETABLE FIBER."
   Artificial silk is not a vegetable fiber within the meaning of those terms as used in paragraphs 319 and 262, tariff act of 1913.—Thomass *v.* United States (1 Ct. Cust. Appls., 86; T. D. 31107).

2. CONSTRUCTION, PARAGRAPHS 336, 262, AND 319, TARIFF ACT OF 1913—"COMPONENT MATERIAL OF CHIEF VALUE."
   While the rule prescribed by statute, paragraph 336, tariff act of 1913, is that "Component material of chief value" shall be held to mean that *single* component material which shall exceed in value any other *single* component material in the article or fabric, nevertheless Congress may, and oftentimes does, expressly prescribe that, in the determination of a particular question of chief value, the combined values of one or more single component materials must be treated as one. This is the case with paragraph 262, tariff act of 1913, where the component material of chief value may be "cotton or vegetable fiber and india rubber," and with paragraph 319, where it may be "artificial or imitation silk * * * and india rubber."

3. CONSTRUCTION, PARAGRAPH 262, TARIFF ACT OF 1913—AIDED BY CONTEXT—TAU-. TOLOGY TO BE AVOIDED—"MADE OF."
   The expression "made of" may mean wholly of only or include wholly of and in chief value of, according to the context. Unless it should be construed in paragraph 262, tariff act of 1913, to mean wholly of only, the provision for fabrics made of cotton or other vegetable fiber would include the next provision of the paragraph for fabrics "of which cotton or other vegetable fiber is the component material of

chief value", and reduce it to surplusage. Accordingly the provision of the paragraph for fabrics made of cotton or other vegetable fiber and india rubber means made wholly of such.

4. WEBBING·OF ARTIFICIAL SILK, COTTON, AND INDIA RUBBER.

Webbing, 34.30 per cent artificial silk, 39.31 per cent cotton, and 26.39 per cent· rubber in value are classifiable, not as being made of cotton and india rubber, under paragraph 262, tariff act of 1913, but as being in chief value of artificial silk and india rubber, under paragraph 319.

## United States Court of Customs Appeals, April 30, 1918.

APPEAL from Board of United States General Appraisers, G. A. 8126 (T. D. 37494).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel), for appellants.

*Bert Hanson*, Assistant Attorney General (Martin T. Baldwin, special attorney, of counsel), for the United States.

[Oral argument Apr. 20, 1818, by Mr. Washburn and Mr. Baldwin.]

Before MONTGOMERY, SMITH, BARBER, DEVRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise the subject of this appeal is aptly described in the answer to protest by the local appraiser as follows:

The merchandise consists of elastic braid composed of silk and india rubber, returned for duty irrespective of the component material of chief value as braid at 60 per cent ad valorem, paragraph 358, act of 1913. Note G. A. 7626, T. D. 34887, sustaining action.

Also elastic webbing composed of artificial silk, cotton, and india rubber, the proportion of value shown on analysis to be

|  | Per cent. |
|---|---|
| Rubber | 26. 39 |
| Cotton | 39. 31 |
| Artificial silk | 34. 30 |
|  | 100. 00 |

As artificial silk and rubber combined is the component material of chief value over the cotton, it was returned for duty as webbing composed in chief value of artificial silk and india rubber, at 60 per cent, paragraph 319.

In the opening brief counsel for the importers abandons the appeal as to the elastic braids in this specific language:

This appeal is limited to the merchandise described by the appraiser and the board as elastic webbing, composed of artificial silk, cotton, and india rubber.

Wherefore, the issue as to the elastic braids composed of silk and india rubber is not here discussed, and the decision of the board relating thereto is affirmed.

The elastic webbings, pursuant with the foregoing advisory classification of the appraiser, were assessed for duty by the collector as "articles or fabrics composed wholly or in chief value of yarns, threads, filaments, or fibers of artificial or imitation silk and india

rubber, by whatever name known," under the provisions of paragraph 319 of the tariff act of 1913, reading:

319. Yarns, threads, filaments of artificial or imitation silk, or of artificial or imitation horsehair, by whatever name known and by whatever process made, 35 per centum ad valorem; beltings, cords, tassels, ribbons, or other articles or fabrics composed wholly or in chief value of yarns, threads, filaments, or fibers of artificial or imitation silk or of artificial or imitation horsehair, or of yarns, threads, filaments, or fibers of artificial or imitation silk, or of artificial or imitation horsehair and india rubber, by whatever name known and by whatever process made, 60 per centum ad valorem.

The importers below and here, on appeal, maintain that the webbings are properly dutiable under the provisions of paragraph 262 of said, act, in pertinent part reading:

262. * * * Fabrics with fast edges not exceeding twelve inches in width, all of the foregoing made of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, or of cotton or other vegetable fiber and india rubber, and not embroidered by hand or machinery; * * *.

Preliminarily, it should be stated, as assumed by counsel for both parties herein, that the question whether or not artificial silk is a vegetable fiber is in this court stare decisis. In Thomass v. United States (1 Ct. Cust. Appls., 86; T. D. 31107), this court held that artificial silk was not a vegetable fiber as that term is used in our customs import statutes.

While the rule prescribed by statute, paragraph 386 act of 1913, is that "component material of chief value" shall be held to mean that *single* component material which shall exceed in value any other *single* component material in the article or fabric, nevertheless Congress may, and oftentimes does, expressly prescribe that in the determination of a particular question of chief value the combined values of one or more single component materials must be treated as one. Such was held by this court in United States v. Gavin & Co. (7 Ct. Cust. Appls., 292; T. D. 36804), wherein beads and spangles were so declared treated by Congress; and in Steinhardt & Bro. v. United States (2 Ct. Cust. Appls., 361; T. D. 32092), wherein "needles" and "books of paper" were, we held, specifically constituted by Congress the materials to be considered as one in determination of the component material of chief value.

Accordingly, in both paragraphs 262 and 319, supra, Congress has expressly prescribed an exception to the general rule of paragraph 386 as to single component materials two of which must be combined and considered as one in the ascertainment of the component material of chief value under these paragraphs.

In paragraph 262 it is expressly enacted that the chief component material may be "of cotton or vegetable fiber *and* india rubber." In paragraph 319 it is expressly enacted that the chief

component material may be "artificial or imitation silk · * * * *
*and* India rubber." So that in the ascertainment of the component
material of chief value under these respective paragraphs the india
rubber content must be added to the artificial or imitation silk
in the latter instance and to the cotton content in the former.

The pertinent result here is that in determining the component
of chief value under paragraph 262 cotton, which under the rule of
paragraph 386 would be the single component material of chief
value, is not such, for in this ascertainment under the special enact-
ment it must be added to the india rubber (26.39 per cent plus 39.31
per cent, equaling 65.70 per cent) whereby the chief component
material under the accepted analysis is the cotton *and* the india
rubber added together.

This brings us to the next and controlling issue in the case, should
the words "made of" as employed in paragraph 262 be construed
as meaning made *wholly of* or do they also include made in *chief value*
of ?

The rule is well settled that such words as "made of" may be
read to mean wholly of only, or, to include both wholly and in chief
value of. The guide to proper construction must be found in the
context. Kenyon Co. *v.* United States (4 Ct. Cust. Appls., 344;
T. D. 33529); Blumenthal & Co. et al *v.* United States (5 Ct. Cust.
Appls., 327; T. D. 34529).

We think paragraph 262 most markedly manifests the intent of
Congress in this particular. It embraces the following predications
of "fabrics": (1) "Made of" cotton or other vegetable fiber; **and**
(2) of which cotton or other vegetable fiber is the "component
material of *chief value*"; and (3) "made of" cotton or other vege-
table fiber *and* india rubber.

Unless (1) fabrics made of cotton or other vegetable fiber is read
to mean *wholly of*, the following provision, (2) fabrics of which cotton
or other vegetable fiber is the component material of chief value, is
absolute surplusage. With precise and unusual particularity Con-
gress herein has at length employed two distinct provisions expressing
presumptively two distinct meanings. If the first "made of" in-
cludes "in chief value of" the latter is surplusage and an idle em-
ployment by Congress. But it is these same words, "made of,"
that are predicated of "cotton or other vegetable fiber *and* india
rubber" in (3). This is not by repetition, but by unquestioned rela-
tion by grammatical construction. If they must be construed as
meaning wholly of only, when predicated in (1) of "cotton and other
vegetable fiber," so when predicated of "cotton or other vegetable
fiber *and* india rubber" in (3), they must be likewise construed. The
view is reinforced by the exact use by Congress, in the competing
provision 319, of the words "composed *wholly and in chief value of*."

The context of each and both paragraphs manifests a precise and deliberate use of these words which assigns to the phrase "made of," as used in paragraph 262, the meaning made *wholly* of. We think the intent of Congress herein so unmistakable that any other construction would be tantamount to judicial legislation.

The necessary result follows that since "made of cotton *and* india rubber" in paragraph 262 implies made *wholly* of such, this merchandise, which is composed in a substantial degree of artificial silk (34.30 per cent), not a vegetable fiber, can not be held to be classifiable therewithin. Inasmuch, however, as imitation silk *and* india rubber are, expressly by the language of paragraph 319, constituted a material of chief value therein, and they amount to 60.69 per cent of these importations, the goods are "articles or fabrics composed wholly *or in chief value* of threads, filaments, or fibers of artificial or imitation silk *and* india rubber, by whatever name known and by whatever process made," as provided for in paragraph 319, supra, and are properly classifiable thereunder for dutiable purposes. The judgment of the board as to the webbings should for these reasons be *affirmed*.