## SIMIANSKY & Co. *v.* UNITED STATES (No. 1973).[1]

1. CONSTRUCTION, PARAGRAPH 408, TARIFF ACT OF 1913—"WOVEN FABRICS OF SINGLE JUTE YARNS."

     The yarns of which a woven fabric is composed are both warp and weft, and if one is composed of jute and the other of cotton the fabric is not woven of jute yarns within the meaning of the language "woven fabrics of single jute yarns" in paragraph 408, tariff act of 1913.

2. JUTE "PADDINGS."

     Plain woven fabrics called "paddings," the warp being single yarns of cotton and the weft being single yarns of jute, are not classifiable under paragraph 408, tariff act of 1913, as "plain woven fabrics of single jute yarns," notwithstanding that jute may be 60 per cent of the value of the fabrics. They are woven, not of jute yarns but of jute yarns and cotton yarns. The decision of the Board of United States General Appraisers sustaining the collector's classification of them as a manufacture of vegetable fiber under paragraph 284 is affirmed. Hawley & Letzerich *r.* United States (6 Ct. Cust. Appls., 45; T. D. 35322) distinguished.

### United States Court of Customs Appeals, December 12, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42978.

[Affirmed.]

*Brooks & Brooks* (*Ernest F. A. Place* and *Frederick W. Brooks, Jr.,* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

[Oral argument Oct. 8, 1919, by Mr. Place and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The appeal here relates to the classification of plain woven fabrics, referred to by the appraiser as "paddings" and so described by the Board of General Appraisers. The warp threads are single yarns of cotton and the weft threads are single yarns of jute. These jute and cotton yarns constitute, respectively, about 60 and 40 per cent of the value of the fabric, the jute therefore being the component material of chief value. The collector assessed duty at 35 per cent under paragraph 284 of the act of 1913 as a manufacture of vegetable fiber. The importers protested, claiming free entry under paragraph 408.

Paragraph 284 provides for—

All woven articles * * * and all manufactures of flax, hemp, ramie, or other vegetable fiber, or of which these substances, or any of them, is the component material of chief value, not specifically provided for in this section * * *.

That part of paragraph 408 under which the importers claim provides free entry for—

plain woven fabrics of single jute yarns by whatever name known, not bleached, dyed, colored, stained, printed, or rendered noninflammable by any process * * *.

[1] T. D. 38224 (37 Treas. Dec., 297).

If the merchandise here is a plain woven fabric of single jute yarns, its other characteristics are such that it is entitled to free entry under this provision. If it is not such a fabric it is not claimed to be improperly assessed.

The Board of General Appraisers overruled the protest, following a previous board decision in T. D. 37492 (G. A. 8124), where apparently the same kind of merchandise was assessed for duty as in this case and the same claim for free entry made. In the cited case the board referred to T. D. 28300, Abstract 16017, where a like interpretation of a statute of the same legal import was claimed by the importers and dismissed by the board.

The importers here rely principally upon the proposition that where a tariff statute assesses duty upon an article that is "composed of," "made of," "manufactured of," a given material, such quoted terms have generally been held to mean "in chief value of" the materials, from which premise they argue that the woven fabrics here, being in chief value of jute, are entitled to free entry.

In this connection importers among other cases cite Hawley & Letzerich *v.* United States (6 Ct. Cust. Appls., 45; T. D. 35322), wherein bagging for cotton in chief value of jute was given free entry under a provision in paragraph 355 of the act of 1909, the material part of which reads as follows:

355. Bagging for cotton * * * composed of single yarns made of jute, jute butts, or hemp, not bleached, dyed, colored, stained, painted, or printed—

and of certain weight. It will be noted that the part of paragraph 408 first quoted and the act of 1909 last referred to contain substantially identical provisions, the earlier statute being "cotton bagging composed of single yarns made of jute, jute butts, or hemp," the latter being for "plain woven fabrics of single jute yarns,"

In view of the importance importers seem to attach to that case, which was twice argued in this court, it seems advisable to give it more than passing notice. The Board of General Appraisers had found that jute was not the component material of chief value and affirmed the collector's decision. This court upon an exhaustive examination of the record by Smith, Judge, found to the contrary and reversed the board. In the first consideration of the case as evidenced by the filed but not published opinion, the court did not discuss the question of the component materials of the respective warp and weft yarns. It was conceded that the warp yarns were approximately of jute and the weft yarns of mixed materials, the court concluding that jute was the component material of chief value of the entire fabric.

125649—20—vol 9——19

In the opinion following the rehearing Judge Smith, speaking for the court, said:

The Government argues, however, that even if jute be the component material of chief value, the goods must be excluded from the operation of paragraph 355, as they are neither entirely nor substantially made of jute, jute butts, or hemp. We do not think that this contention can be successfully maintained. Taking into account that jute is the component material of chief value, that it constitutes from 70 to 80 per cent of the weight of the materials used in making the goods, and that, as appears from the testimony, flax waste and seg are used to cheapen the product and apparently serve no other purpose than that of adulterants, we think that jute so far predominates in the yarns as to entitle them to the denomination as well as the character of jute yarns, and that it may be fairly concluded that the bagging is composed of yarns made substantially of jute and jute butts, and is therefore within the intent and meaning of paragraph 355.

From this résumé of that case it will be seen that the warp yarns were substantially of jute and the weft yarns were composed of such a proportion of jute either in quantity or value or both that we were of opinion that both the warp and weft threads were jute yarns within the meaning of the statute.

Now in the case at bar the undisputed fact is that the weft yarns are entirely of cotton, thereby creating an important distinction between the merchandise here and that in the Hawley & Letzerich case. The statute under consideration here in effect provides that these fabrics must be plain and also must be woven of single jute yarns, whereas only one of the yarns is jute, the other being composed entirely of cotton. We are of opinion that this fact excludes classification under paragraph 408. The yarns of which a woven fabric is composed are both warp and weft, and if one is composed of jute and the other of cotton the fabric is not woven of jute yarns.

With certain exceptions not necessary to mention, the rule first invoked by the importers is sound and has been adhered to in this court, but it is not applicable to this case.

The true rule of interpretation of the statute we are considering was stated in T. D. 28300, Abstract 16017, supra, wherein the Board of General Appraisers considering the same language and passing upon the classification of merchandise composed of jute yarns and flax yarns, although the jute constituted the component material of chief value of the entire article, said in substance that it was not classifiable as fabrics of single jute yarns because it was composed not of single jute yarns but of both jute and flax yarns.

The judgment of the Board of General Appraisers is *affirmed*.