## CHIN & CO. v. UNITED STATES (No. 2093).[1]

1. "COMPONENT MATERIAL OF CHIEF VALUE"—PARAGRAPH 256, TARIFF ACT OF 1913—"COTTON OR OTHER VEGETABLE FIBER."

While it is the rule that the component material of chief value is that *single* component material which exceeds in value any other *single* component material, Congress makes exceptions to the rule by providing that two or more component materials may be considered *together*. Such an exception is made in paragraph 256, tariff act of 1913, by the language "cotton or other vegetable fiber and india rubber," which means that, for this purpose, the value of the cotton *or* the value of the other vegetable fiber is to be added to that of the india rubber. The exception, however, does not extend to the rest of the paragraph so as to make it include articles whose component material of chief value is cotton *and* other vegetable fiber but not cotton *or* other vegetable fiber.

2. SHOES OF LEATHER AND COTTON AND ANOTHER VEGETABLE FIBER.

Shoes made of leather and cotton and another vegetable fiber, the leather being more valuable than either of the other materials but less valuable than both, are not classifiable under paragraph 256, tariff act of 1913, as "wearing apparel * * * of which cotton or other vegetable fiber is the component material of chief value." They are conceded by counsel to be within paragraph 530 ("shoes * * * in chief value of leather") if without paragraph 256.

### United States Court of Customs Appeals, November 16, 1921.

APPEAL from Board of United States General Appraisers, Abstract 44110.

[Reversed.]

*Frank L. Lawrence* for appellants.

*Wm. W. Hoppin,* Assistant Attorney General (*P. St. George Bissell,* special attorney, of counsel), for the United States.

[Oral argument Oct. 4, 1921, by Mr. Hoppin.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

DE VRIES, Presiding Judge, delivered the opinion of the court:

This appeal concerns the due classification for dutiable purposes of certain Chinese shoes imported at the port of San Francisco. Those, the classification of which is by the limitations of this record in controversy, are by the record stipulated to be "composed of leather and cotton and some vegetable fiber other than cotton, and that the combined values of the cotton and other vegetable fiber exceeds the value of the leather, but that the leather exceeds in

[1] T. D. 38932.

value any other single component." They were classified for dutiable purposes by the collector of customs at the aforesaid port under the provisions of paragraph 256 of the tariff act of 1913, which, in so far as pertinent, reads:

256. Clothing, ready-made, and articles of wearing apparel of every description, composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, or of cotton or other vegetable fiber and india rubber, * * * and not otherwise specially provided for in this section, * * *.

Importers make claim that they are more particularly provided for and entitled to free entry under the provisions of paragraph 530 of said act, reading in so far as here pertinent:

530. * * * shoes made wholly or in chief value of leather; * * *.

The Board of General Appraisers overruled the protest and the importers make their appeal to this court for reversal of that decision. The Board of General Appraisers followed an earlier ruling thereof, Abstract 43034, wherein they based their conclusion upon the decision of this court in United States *v.* Gavin & Co. (7 Ct. Cust. Appls., 292; T. D. 36804). Their interpretation in that case was therein stated as follows:

We are inclined to take the view that the words in paragraph 256 reading "composed of cotton or other vegetable fiber, or of which cotton *or* other vegetable fiber is the component material of chief value," should be construed as if reading "composed of cotton and other vegetable fiber, or of which cotton *and* other vegetable fiber is the component material of chief value." (Italics ours.)

The doctrine of the Gavin & Co. decision was by this court in Steinhardt & Bro. *v.* United States (8 Ct. Cust. Appls., 372; T. D. 37629), reviewed and amplified.

While Steinhardt & Bro. *v.* United States construed paragraph 262 of the current tariff act the language therein construed was identical with the language of paragraph 256, the subject of consideration herein. The said pertinent language of paragraph 262 reads:

Made of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, or of cotton or other vegetable fiber and india rubber.

Whilst the said pertinent language of paragraph 256 reads:

Composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, or of cotton or other vegetable fiber and india rubber.

The only difference in the aforesaid phraseologies being the herein inconsequential one of the words "made" and "composed."

In the last case this court said, pertinent to the consideration:

While the rule prescribed by statute, paragraph 386, act of 1913, is that "component material of chief value" shall be held to mean that *single* component material which shall exceed in value any other *single* component material in the article or fabric,

nevertheless Congress may, and oftentimes does, expressly prescribe that in the determination of a particular question of chief value the combined values of one or more single component materials must be treated as one. Such was held by this court in United States v. Gavin & Co. (7 Ct. Cust. Appls., 292; T. D. 36804), wherein beads and spangles were so declared treated by Congress; and in Steinhardt & Bro. v. United States (2 Ct. Cust. Appls., 361; T. D. 32092), wherein "needles" and "books of paper" were, we held, specifically constituted by Congress the materials to be considered as one in determination of the component material of chief value.

Accordingly, in both paragraphs 262 and 319, supra, Congress has expressly prescribed an exception to the general rule of paragraph 386 as to single component materials, two of which must be combined and considered as one in the ascertainment of the component material of chief value under these paragraphs.

In paragraph 262 it is expressly enacted that the chief component material may be "of cotton or vegetable fiber *and* india rubber." In paragraph 319 it is expressly enacted that the chief component material may be "artificial or imitation silk * * * *and* india rubber." So that in the ascertainment of the component material of chief value under these respective paragraphs the india-rubber content must be added to the artificial or imitation silk in the latter instance and to the cotton content in the former.

The pertinent result here is that in determining the component of chief value under paragraph 262 cotton, which under the rule of paragraph 386 would be the single component material of chief value, is not such, for in this ascertainment under the special enactment it must be added to the india rubber (26.39 per cent plus 39.31 per cent, equaling 65.70 per cent), whereby the chief component material under the accepted analysis is the cotton *and* the india rubber added together.

*    *    *    *    *    *    *

We think paragraph 262 most markedly manifests the intent of Congress in this particular. It embraces the following predications of "fabrics:" (1) "Made of" cotton or other vegetable fiber; and (2) of which cotton or other vegetable fiber is the "component material of *chief value;*" and (3) "made of" cotton or other vegetable fiber *and* india rubber.

Analysis of the exceptional principle announced by this court, as therein stated, discloses that the board has clearly misconceived the import of these decisions. The court therein held that it is within the power of Congress, and by provisions of the several tariff acts Congress has repeatedly expressly provided an exception to the rule that the material of chief value shall be held to be that single component material which shall exceed in value any other single component material in an article by providing expressly that two or more materials shall be thus estimated together.

In construing paragraph 256 the court applied the rule because and perforce of the coordinate conjunction "and," the court in those cases in construing that paragraph holding not that the cotton and *other vegetable fibers* should be added but that the india rubber alone should be added to the cotton *or* other vegetable fiber. Diligent discovery does not disclose that the court in any opinion has held that the language of paragraph 262 requires, in estimating the component material of chief value, an addition of the different *vegetable fibers* in an article or material. It has held that the india rubber component shall be added to any one of the vegetable components

which may make chief value, but does not hold that the vegetable fiber components shall be added one to another. The very fact that Congress has used the coordinate conjunction "and" with reference to india rubber when that is found in an article and the · disjunctive conjunction "or" when speaking of the vegetable fiber content of the article indicates a fixed and designed purpose upon the part of Congress to rate the vegetable fiber content of the article singly with reference to one another or in addition thereto with reference to india rubber.

Accordingly, under the stipulation filed in the case that leather exceeds in value any other "single" component, and all the other single components are vegetable fiber, the conclusion inevitably follows that this merchandise is stipulated beyond the purview of the paragraph. It is conceded, as it may well be, that if the merchandise does not fall within the provisions of paragraph 256 it does fall within the provisions of paragraph 530. Accordingly the decision of the board is *reversed.*