(C.D. 2890)

PALLEY SUPPLY COMPANY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 9, 1967)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Charles P. Deem* and *S. William Barr*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Upon importation from Thailand through the port of Los Angeles, California, certain knives and forks included in the entry covered by the above-enumerated protest were classified by the customs authorities as "Table knives and forks with handles of other metal" in paragraph 355 of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 138, T.D. 52476, and duty was imposed thereon at the compound rate of 8 cents each and 17½ per centum ad valorem.

Plaintiff contests said classification and duty assessment contending that the articles in controversy should properly have been classified as table knives and forks "of any other material" in paragraph 355 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 265, T.D. 52763, or by Presidential notification, 86 Treas. Dec. 337, T.D. 52820, which provides duty at the rate of 1 cent each and 17½ per centum ad valorem or at 4 cents each and 17½ per centum ad valorem, depending upon the length of the knife or fork, exclusive of handle, whether under or over 4 inches in length.

Also imposed at the time of importation was a copper tax of 1.275 cents per pound pursuant to section 4541(2) of the Internal Revenue Code applicable to all articles not provided in section 4541(1) of said code, in which copper is the component material of chief value. The copper tax assessment is not controverted by plaintiff and is not in issue.

To place in clear perspective the statutory provisions the court is called upon to construe and apply, the pertinent provisions are set forth in context.

Paragraph 355 of the Tariff Act of 1930, as modified by the Annecy protocol, *supra:*

Table * * * and similar knives, forks, and steels, and cleavers, all the foregoing, finished or unfinished, not specially provided for:

    With handles of silver (not including handles plated with silver) or other metal than aluminum, nickel silver, iron or steel, and if not specially designed for other than household, kitchen, or butchers' use_____ 8¢ each and 17½% ad val.

    With handles of hard rubber, solid bone, celluloid, or any pyroxylin, casein, or similar material (except table, carving, cake, pie, butter, fruit, cheese, and fish knives, forks, and steels, and any cleavers which are table, carving, cake, pie, butter, fruit, cheese, or fish cleavers)_ 4¢ each and 17½% ad val.

    With handles of wood or wood and steel, if specially designed for other than household, kitchen, or butchers' use, regardless of length (except hay forks and 4-tined manure forks which are 4 inches in length or over, exclusive of handle)_____ 2¢ each and 12½% ad val.

    With handles of nickel silver or steel other than austenitic:

        If specially designed for other than household, kitchen, or butchers' use, regardless of length (except hay forks and 4-tined manure forks which are 4 inches in length or over, exclusive of handle)__ 2¢ each and 12½% ad val.

        If table, carving, cake, pie, butter, fruit, cheese, or fish knives, forks, or steels; any of the foregoing less than 4 inches in length, exclusive of handle_____ 2¢ each and 12½% ad val.

    With handles of any material, if specially designed for other than household, kitchen, or butchers' use and if 4 inches in length or over, exclusive of handle (except articles with handles of any material named heretofore in this item or of mother-of-pearl, shell, ivory, deer or other animal horn, silver, or any metal other than aluminum, nickel silver, iron, or steel; and except hay forks and 4-tined manure forks)__ 4¢ each and 17½% ad val.

Paragraph 355 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*:

Table, * * * and similar knives, forks, and steels, and cleavers, all the foregoing, finished or unfinished, not specially provided for:

With handles of silver (not including handles plated with silver) or other metal than aluminum, nickel silver, iron or steel, specially designed for other than household, kitchen, or butchers' use_____ 8¢ each and 17½% ad val.

With handles of wood or wood and steel:

Specially designed for other than household, kitchen, or butchers' use, and under 4 inches long, exclusive of handle_____ 1¢ each and 12½% ad val.

Not specially designed for other than household, kitchen, or butchers' use:

Under 4 inches long, exclusive of handle _____ 1¢ each and 17½% ad val.

4 inches or more long, exclusive of handle _____ 4¢ each and 17½% ad val.

*      *      *      *      *      *      *

With handles of any other material (not including mother-of-pearl, shell, ivory, deer, or other animal horn, hard rubber, solid bone, celluloid, pyroxylin, casein, or any material similar to pyroxylin or casein, and not including handles plated with and in chief value of silver):

Under 4 inches long, exclusive of handle___ 1¢ each and 17½% ad val.

4 inches or more long, exclusive of handle, and not specially designed for other than household, kitchen, or butchers' use_____ 4¢ each and 17½% ad val.

Plaintiff's exhibit 1 (a fork) was received in evidence as being representative of the knives and forks in issue which are under 4 inches in length exclusive of handle, and plaintiff's exhibit 2 (a knife) was received in evidence as being representative of the knife items identified

on the commercial invoice as number 36 and number 56, which measure 4 inches or more in length exclusive of handle.

By stipulation of the parties hereto it has been agreed that the handle portion of the knives and forks in controversy is composed of horn and of bronze.

It is the position of plaintiff herein that classification of the merchandise at bar for duty purposes is erroneous inasmuch as the articles are more than knives and forks with metal handles and are more than knives and forks with horn handles and, accordingly, should have been classified within the provision in paragraph 355 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, for table and similar knives and forks "with handles of any other material."

In support of its position, plaintiff calls attention to the case of *G. M. Thurnaur* v. *United States*, Synopsis of Decisions, July–December 1898, T.D. 20102—G.A. 4278, which arose under the Tariff Act of 1897. The issue there involved was whether knives with handles consisting of two bone scales with a metal shank in the center, all riveted together, were properly classified within the tariff provision for knives with handles of solid bone. Predicated on the fact that trade understanding conformed to common meaning that a handle of solid bone was a single piece of bone fixed on the tang of a knife, the court held the knives there in issue with handles composed of two bone scales and a metal shank were not within the provision as classified.

The *Thurnaur* case is clearly distinguishable from the present one. The question here is not whether knives and forks have handles composed of solid bone, but whether, inasmuch as the handles consist in part of bone and in part of metal, the instant merchandise consists of knives and forks "with handles of any other material." From a reading of the decision in the *Thurnaur* case, it does not appear that the "more than" principle, if such it may be called, here invoked, was either relied upon or considered.

Plaintiff also urges that a sample is a potent witness and points to the fact that the presence of both horn and bronze in the handles of exhibits 1 and 2 adds to the attractiveness of the articles. Moreover, it is urged that when the knives and forks are in use it is the bone portion of the handles rather than the metal portion thereof which is grasped or held and that, such being the case, classification of the articles as knives and forks with handles of metal is "inherently incorrect."

Whereas plaintiff has presented its case with much show of reason, it would appear that the construction which must be given to the provisions of paragraph 355 results in negativing its claim.

From a perusal of the provisions of paragraph 355 of the Tariff Act of 1930, as modified both by the Annecy protocol and Torquay protocol, which have been set forth in detail above, it will be obvious that Congress in providing for knives, forks, steels, and cleavers did so with great specificity particularly insofar as the handles thereof were concerned, the varying rates of duty being predicated upon the material of which the handles were composed.

There have been many instances presented to the court for determination where a tariff provision, such as the one here in controversy, in providing for an article does not by its terms define the extent to which the article must be composed of a named material. *United States* v. *Guy B. Barham Co., for University Shoppe*, 26 CCPA 83, T.D. 49614, involving classification of certain spun yarn of rayon was such a case. In its decision therein, the Court of Customs and Patent Appeals stated as follows—

It is well settled that the general rule is that when a tariff statute provides for "an article of specified material, without declaring to what extent it must be composed of that material, it is at least confined to merchandise of which the specified material is that of chief value or is the predominant one therein," and the words "composed of," "made of," and "kindred expressions" in tariff statutes may, according to the context, mean wholly or substantially wholly of a specified material, or wholly or in chief value of such material. *Vantine & Co.* v. *United States*, 3 Ct. Cust. Appls. 488, T.D. 33124; *Kenyon Co.* v. *United States*, 4 Ct. Cust. Appls. 344, T.D. 33529; *Blumenthal & Co. et al.* v. *United States*, 5 Ct. Cust. Appls. 327, T.D. 34529; *Steinhardt & Bro.* v. *United States*, 8 Ct. Cust. Appls. 372, T.D. 37629; *Simiansky & Co.* v. *United States*, 9 Ct. Cust. Appls. 288, T.D. 38224; *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T.D. 39680; *United States* v. *Linen Thread Co.*, 13 Ct. Cust. Appls. 359, T.D. 41257.

There being no language contained within the provisions of paragraph 355 which warrants or even suggests a necessity of departing from the general rule of interpretation above referred to, the court is here of the opinion that the articles covered by said paragraph 355 are such articles with handles composed wholly or in chief value of the materials specified.

Plaintiff in its brief makes reference to a provision in paragraph 355 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for table knives, forks, and so forth "With handles plated with and in chief value of silver" as indicative of the fact that where "chief value" was to apply the trade negotiators so stated.

When paragraph 355 of the tariff act is read in full context, it will be apparent the provision for knives and forks plated with or in chief

value of silver was to insure assessment of the rate applicable to silver-plated articles only when silver was the component material of chief value of such article.

This, in our opinion, is not an exception to the general rule referred to in the *Barham* case, *supra*, but rather is a further indication that paragraph 355 of the tariff act was intended to cover knives, forks, steels, and cleavers, the handles of which were composed at least in chief value of the materials named.

In the agreement of the parties hereto that the handle portion of the imported knives and forks was composed of horn and of bronze, there is no statement as to which of the components is in chief value.

Since bronze, according to lexicographic authorities, is an alloy of copper and tin, and inasmuch as the imposition of a copper tax pursuant to the provisions of section 4541 (2) of the Internal Revenue Code applicable to articles in which copper is the component material of chief value is not controverted as being applicable to the instant importation, it is logically to be inferred from the classification of the merchandise as "Table knives and forks with handles of other metal" that the "other metal" referred to was bronze.

After reviewing all cases cited by the parties litigant, some of which are not here specifically mentioned, and in the light of the foregoing considerations, the court finds and holds that the knives and forks in controversy, being composed in chief value of bronze, were properly classified for customs duty purposes as "Table knives and forks with handles of other metal" in paragraph 355 of the Tariff Act of 1930, as modified by the Annecy protocol, *supra*, and dutiable at the compound rate of 8 cents each and 17½ per centum ad valorem, plus the applicable copper tax assessment. Accordingly, all claims in the protest are overruled.

Judgment will be entered accordingly.